## WHITE et al. v. STATE.

No. 4602. Opinion Filed July 13, 1915.

(150 Pac. 716.)

1. **JUDGES—Change of Judges—Refusal.** Where an application for change of judge is not made until after the jury is impaneled, and fails to show why it was not presented sooner, and in addition such application only states the conclusion that the judge is biased and prejudiced, but states no facts from which such bias or prejudice can be gathered, **held,** no error to refuse the change of judge.

2. **LIMITATION OF ACTIONS—Action by State.** The statute of limitations does not run against the state, unless expressly so provided by statute.

3. **APPEAL AND ERROR—Admission of Evidence—Harmless Error.** Where an action is brought on an appearance bond, and the defendants by verified answer deny the execution of the bond, but in the same answer allege that the bond was signed by them for the purpose of releasing the principal from an illegal arrest, **held,** the admission of the bond in evidence without proof of its execution, if error at all, is harmless error under the provisions of Rev. Laws 1910, sec. 6005.

4. **SAME—Review—Objection to Evidence.** Where objection is made to the introduction of evidence, which is sustained, counsel should state in the record what they expect to show by the witness; otherwise this court cannot see that any error was committed, as the answer to the question may be immaterial, or even helpful to the other side.

5.    **BAIL—Forfeiture—Evidence.** Where it appears that a person
charged with selling whiskey failed to appear when the case was
called, whereupon the court issued an alias warrant and re-
quired $500 additional bond and the officer arrested the defend-
ant in a town distant from the county seat, and the defendant
gave the bond in suit, conditioned for his appearance on a day
certain, which bond was executed before a notary public, but
afterwards approved by the county court, and upon giving such
bond the prisoner was released, but afterwards failed to appear,
and the bond was forfeited, **held,** the bondsmen are liable.

(Syllabus by Devereux, C.)

*Error from County Court, Seminole County;*

*T. S. Cobb, Judge.*

Action by the State against W. J. White and others.
Judgment for the State, and defendants bring error.
Affirmed.

This was an action on an appearance bond in the
usual form, conditioned that, whereas, W. J. White stood
charged in the county court of Seminole county with the
crime of selling wsisky, if the said W. J. White should
appear before said court on the 8th day of October, 1909,
and there remain from day to day and term to term, until
discharged by due course of law, the obligation to be void;
otherwise to remain in full force and effect. This bond
was signed by all the plaintiffs in error, and the justifi-
cation was sworn to before a notary public, but the bond
bears this indorsement:

"The foregoing bond approved this 11th day of Oc-
tober, 1909.

"T. S. COBB, *County Judge.*"

This bond was made an exhibit to the petition. The
answer is verified, and is a general denial; also it denies
that W. J. White was charged with the crime of selling
whiskey; denies that he was legally held in custody on

October 8th, or any other time to answer said charges; denies that White or the sureties ever executed an appearance bond as required by law, as set out in the petition; denies that White was ever in custody legally on said charge; denies that any order was ever made by the county court requiring White to make bond for his appearance; and denies that any legal appearance bond was at any time made by the defendants for the appearance of White. The answer further denies that any legal complaint or information was ever filed in the county court of Seminole county against White for the offense, or that any warrant for his arrest was ever legally issued, or that White was ever legally in custody. The answer further denies that White was ever called on or required to make his appearance in the county court of Seminole county, or that the sureties were ever called on or required to produce the body of said White. The answer also pleads the statute of limitation. An amended answer, also verified, was filed, containing substantially the matters above set out, and, in addition, that the defendant was unlawfully arrested in Sasakwa, Seminole county, upon a purported warrant, and was coerced by the officers serving it to make the bond sued on. The answer then contains this allegation:

"Defendants further allege that the defendant, W. J. White, was taken as a prisoner, unlawfully detained, before G. L. Benson, a notary public within and for Seminole county; that the notary public then and there prepared the bond herein sued on and requested the defendant, W. J. White, and the other defendants herein, to sign and execute said bond in order to secure the release and discharge from arrest of the defendant, W. J. White; that the purported bail bond was taken before the said G. L. Benson, as notary public, without authority of law; and that the said defendant, W. J. White, was then and

there discharged and released from such arrest by the said G. L. Benson, as such notary public."

An unverified reply was filed to this answer. The state introduced the record in the criminal case against White, which showed a warrant of arrest directed against him, dated October 8, 1909, and duly returned, showing the arrest of White on the same day, and that the officers had his body before the court. The state also introduced, as a part of the files in the case, the appearance bond sued on, which was admitted over the objection of the defendant, and the state also proved the signature of the county judge approving the bond to be genuine. The state also introduced the following record from the county court:

"No. 511, State of Oklahoma v. W. J. White, 10/9/9. New bond in the sum of $500.00 to be given, alias warrant, 2/24/10. Deft. called and failed to respond. Forfeiture entered on bond of date 9/5/10 against deft. and M. A. Harris and W. R. Brown, and on bond date of 10/8/9 against deft. and R. T. Bates, E. D. Kight, S. D. Gatlin and S. E. Hawthorn."

Plaintiff also offered in evidence the following from the records of the court:

"State of Oklahoma v. Walter White. Now on this 24 day of February, 1910, this case is called for trial, and state appears by county attorney, and the defendant appears not, but wholly makes default, and thereupon the defendant is called three times and failed to appear, and thereupon a forfeiture is taken upon the bonds of the defendant, one of date of 9/10/9, against J. W. Owens and W. S. Johnson, one of date of 10/8/09, against S. E. Hawthorn, E. L. Kight, S. D. Gatlin and R. F. Bates."

The record also showed an information filed against White for unlawfully selling intoxicating liquors. After

the cause was called for trial, and as the record recites, "a jury being duly drawn and impaneled to try said cause," the defendants filed a motion for a change of judge, on the sole ground that the judge was biased and prejudiced against the defendants. This motion was overruled and exception saved. The defendant asked many questions to support the allegations of the answer, but the objections were sustained, and nothing appears in the record to show what the answers would have been, or what the defendants expected to prove by the witness. On this evidence the court directed a verdict for the plaintiff, and the defendants bring the case here on petition in error and case-made.

*C. Guy Cutlip,* for plaintiffs in error.

*C. L. Hill* and *Pryor & Stokes,* for the State.

Opinion by DEVEREUX, C. (after stating the facts as above). The application for a change of judge was properly denied. In the first place, it came too late after the jury was impaneled and there was absence of any showing that the facts were not known to the defendant prior to that time. In the second place, the defendant only states that the judge was disqualified because he was biased and prejudiced against the defendants, but gives no facts upon which the ground of prejudice is based. See *Lewis v. Russell,* 4 Okla. Cr. 129, 111 Pac. 818. The affidavit does not set up that the judge is interested in the cause, or that he is related to any party thereto within the fourth degree, or that he had been of counsel, or that there is called in question the validity of any judgment or proceedings in which he was of counsel, or the validity of any paper prepared or signed by him as counsel, or that he is a witness in the cause. The

affidavit wholly fails to fulfill the requirements of section 5812, Rev. Laws 1910, and the change of judge was properly denied. The fact that the judge who was trying the case was the same judge who forfeited the bond does not disqualify him. *Title Guaranty & Surety Co. v. Slinker,* 35 Okla. 128, 128 Pac. 696.

The next assignment of error is that the cause of action is barred by the statute of limitations, but the rule is as old as the law itself that no time runs against the state. The ground on which this doctrine rests is the great principle of public policy that the public interests shall not be prejudiced by the negligence of public officers, to whose care they are consigned. *United States v. Knight,* 14 Pet. 301, 315, 10 L. Ed. 465; *State v. School District,* 34 Kan. 237, 8 Pac. 208.

The next assignment of error relates to the exclusion by the court of certain evidence offered by the defendants. This consists of a number of questions, not answered, and with no statment by counsel as to what he expected to prove. From all that appears from the record, the answers of the witnesses might have been favorable to the plaintiff or might have been of such a character as to throw no light whatever on the issue. In *O'Keefe v. Dillenbeck,* 15 Okla. 437, 83 Pac. 540, it is held:

"Where an objection is made to the introduction of evidence, and the objection is sustained, the evidence should be set up in the record, or so much thereof as may be necessary to show to this court that its rejection was injurious to the party complaining, or the assignment of error for this reason will not be considered by this court."

The same rule is laid down in *Packett Co. v. Clough,* 20 Wall. 528, 22 L. Ed. 406; *Whitney v. Fox,* 116 U. S. 644, 17 Sup. Ct. 713, 41 L. Ed. 1145; *Shauer v. Altertoe,*

151 U. S. 607, 14 Sup. Ct. 442, 38 L. Ed. 286; *Railroad Co. v. Smith*, 21 Wall. 255, 22 L. Ed. 513; *Thompson v. First Natl. Bank*, 111 U. S. 529, 4 Sup. Ct. 689, 28 L. Ed. 507.

But we do not decide that if these questions had been answered favorably to the defendants it could have affected the result. The record in this case discloses that White was duly charged with the crime of selling whiskey; that an additional bond was required on his failure to appear when the case was first called for trial; that an alias warrant was issued for his arrest, and the bond was at this time fixed at $500; that this warrant was delivered to an officer who arrested White, and he was released by virtue of the bond now in suit; that, while the verification on this bond was taken before a notary public, the bond was approved by the judge of the county court; that White failed to appear at the time the case was called for trial, and the bond was forfeited. We can see no good reason why the sureties should not now fulfill the obligation of their bond.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.