STATE ex rel. FREELING, Atty. Gen., v. SMITH et al.

No. 10486—Opinion Filed March 9, 1920.

(Syllabus by the Court.)

Limitation of Actions—Action on Note Held by State Bank Commissioner.

The statute of limitations does not run against the state in an action on a promissory note held by the State Bank Commissioner as the assets of an insolvent bank.

Error from District Court, Creek County; Ernest B. Hughes, Judge.

Action by the State on the relation of the Attorney General, against J. Harvey Smith and W. V. Pryor on promissory note. Judgment for defendants, and plaintiff brings error. Reversed.

S. P. Freeling, Atty. Gen., W. H. Zwick, Asst. Atty. Gen., and M. M. Thomas, Atty. for State Banking Department, for plaintiff in error.

C. B. Rockwood, for defendants in error.

OWEN, C. J. The Bank Commissioner took possession of the assets of the Oklahoma State Bank of Sapulpa on the 14th day of January, 1914. The note on which this action was brought was among the assets and was due February 5, 1913. This action was not begun until the 13th day of July, 1918. A demurrer was sustained to the petition on the ground that it appears the action was barred by the statute of limitations.

The question for determination is whether defendants may plead the statute of limitations as a defense in this action against the state.

The Attorney General argues that the state is the owner of the note, although not the holder in due course, and that the statute of limitation does not run against the state —relying upon State ex rel. Taylor v. Cockrell, 27 Okla. 630, 112 Pac. 1000; Lovett v. Lankford, 47 Okla. 12, 145 Pac. 767; P. I. W. Co. v. Lankford, 235 U. S. 461, 59 L. Ed. 316; and White v. State, 50 Okla. 97, 150 Pac. 716.

The majority of the court is of the opinion that these authorities sustain the contention of the Attorney General and the case should be reversed.

I am of the opinion that the facts distinguish this case. In White v. State, supra, it was held the statute of limitations did not run against the state, and that is the rule where the state is the real party in interest. The action in that case was on an appearance bond payable to the state; the money when received would be the money of the state and held for ordinary public uses. In other cases relied upon the guaranty fund was held to be a state fund, and therefore an action against the bank commissioner seeking to control the fund was held to be an action against the state.

Under section 303, Rev. Laws 1910, the state has a lien upon the assets of an insolvent bank for the benefit of the depositors' guaranty fund, and this lien may be enforced by the state for the benefit of the fund. This is a special fund, not raised by taxation, but by an assessment on state banks, and can be used only for the purpose of re-imbursing depositors of insolvent banks. The state has the formal title for the purpose of foreclosing the lien, and, though a proper party, is only a nominal party. In Maryland v. Baldwin, 112 U. S. 490, 28 L. Ed. 822, and Miller v. State, 38 Ala. 600, it was held the state, though a proper party, was merely a nominal party, and that the statute of limitations was a bar. In my opinion these cases announce the rule applicable to the instant case.

This court held in Brisco v. Hamer et al., 50 Okla. 281, 150 Pac. 1101, Ward v. Oklahoma State Bank, 51 Okla. 193, 151 Pac. 852, and State v. City of Sapulpa et al., 58 Okla. 550, 160 Pac. 490, that the Bank Commissioner takes the assets of a state bank subject to all defenses that might have been interposed against the bank had it continued under its corporate management. The bar created by the statute of limitations is as effectual as any other defense. Eingartner v. Illinois Steel Co., 103 Wis. 373, 74 A. S. R. 871, 79 N. W. 443; Woodman v. Fulton, 47 Miss. 682; Lawrence v. Louisville, 96 Ky 595, 49 A. S. R. 309, 17 R. C. L. 66; Bell v. Morrison, 1 Pet. 351, 7 L. Ed. 174.

Under these authorities I am of the opinion the judgment of the trial court should have been affirmed, but the majority of the court taking the opposite view, the judgment of the lower court is reversed and the cause remanded, with directions to overrule defendants' demurrer.

KANE, RAINEY, PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.