HERNDON v. BOARD of COM'RS of PONTOTOC COUNTY.

No. 20825. Opinion Filed May 3, 1932.

Rehearing Denied June 7, 1932.

McKeown & Green, for plaintiff in error.

J. W. Dean, Co. Atty., H. F. Mathis, Asst. Co. Atty., and Holt & Gilbreath, for defendant in error.

CULLISON, J. The parties will be referred to in this opinion as they appeared in the trial court.

Plaintiff, board of county commissioners of Pontotoc county, Okla. instituted suit in the district court seeking to compel the conveyance of certain real property situated in Ada, Okla. Defendant filed a special demurrer to said petition, raising the statute of limitations as a bar to plaintiff's cause of action. The demurrer was overruled. Defendant answered by general denial and pleaded the statute of limitations as a bar to plaintiff's cause of action. The case was tried to a jury and resulted in judgment favorable to plaintiff.

The record discloses that a committee of persons residing in Ada, Okla., purchased certain land located in said city for the purpose of procuring the erection of a county courthouse thereon. The land was held in the name of R. A. Herndon, defendant herein. A contract was entered into between plaintiff and defendant whereby defendant agreed to convey to plaintiff for $10,000 the south half of block 105, being 140 feet by 400 feet, located in the city of Ada, Okla., for the purpose of erecting and constructing a county courthouse thereon. Defendant later executed a deed which conveyed certain lots to plaintiff, describing the lots by number therein. Said deed conveyed only the south 15 feet of lot 7. The deed was placed of record by the officials of Pontotoc county, Okla., but said county did not take possession of said land until some eight years thereafter, during which time defendant remained in possession of the buildings on said land and received all the rents therefrom.

There is a plat of block 105, Ada, Okla., at page 55 of the record, and from said plat we observe that the alley in said block extends east and west from the west line of said block to a point 130 feet from the east line of the said block, and it further appears that formerly an alley extended north and south from the east end of said alley. Thus the east 130 feet of said block had no alley extending through to the east and west, but at one time had an alley extending north and south, along the west line of said portion of the block. The courthouse was built on said property, and shortly thereafter, while arranging to convert the alley in block 105 into a street, plaintiff discovered that all of the land it was presumed to have received under the contract had not been received.

The contract for deed entered into between plaintiff and defendant designates said land to be conveyed as the south half of the said block, but further states the same to be 140 by 400 feet.

The controversy in the case at bar arises because of the misunderstanding between the parties to said deed in regard to whether the land conveyed should have been the south half of the block or the south 140 feet thereof.

If the real intention of the parties was to convey the south half of block 105, then plaintiff's contention is correct; but if the intention of the parties was to convey the south 140 feet of said block, then defendant is correct in his contention.

Defendant's first specification of error is that the court erred in overruling the special demurrer of the defendant to the amended petition of plaintiff. In said special demurrer defendant raised the statute of limitations as against plaintiff's cause of action, and in support of defendant's contention cites the case of Board of County Commissioners of Woodward County v. Willett, 49 Okla. 254, 152 P. 365, wherein it was held that the statute of limitations run as against private rights of the county.

Plaintiff cites and relies upon the case of White v. State, 50 Okla. 97, 150 P. 716, and State ex' rel. Freeling, Attorney General, v. Smith, 77 Okla. 277, 188 P. 96. which latter cases hold that the statute of limitations does not run against the state unless expressly so provided by statute. This presents an apparent conflict of authorities, and necessitates a careful consideration of said decisions of this court so as to determine the correct rule to apply in the case at bar.

In the case of Board of County Commissioners of Woodward County v. Willett, supra, this court had under consideration the difference between a private and a public right of a county or municipality.

In said cause suit had been instituted seeking to recover salary paid to a public official, which was alleged to have been in excess of the lawful amount of salary to have been paid. The statute of limitations was invoked in said cause, and this court held that the matter of the recovery of excessive salary paid was a matter in the nature of a private right, and the statute of limitations would apply as against a mat-

ter in the nature of a private right. The court also distinguished the matter of a private right and a public right, and cited the case of Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597, wherein this court held:

"The generally accepted doctrine is that the maxim, 'nullum tempus occurrit regi,' is not restricted in its application to sovereign states or governments, but that its application extends to and includes public rights of all kinds, and that it applies to municipal corporations as trustees of the rights of the public, and protects from invasion and encroachment the property of the municipality which is held for and devoted to public use, no matter how lax the municipal authorities may have been in asserting the rights of the public."

The subject-matter under consideration in the Foote Case, supra, was a lot located in the town of Watonga, Okla., and the court held that the maxim "nullum tempus occurrit regi" (lapse of time does not bar the right of the crown), is not a restriction in its application to sovereign states or governments, but applies to municipal corporations as trustees of the rights of the public, and protects the municipality where property is held for public use.

Thus we have the distinction which is the decisive factor as to whether or not the statute of limitations shall apply. ·

If the subject-matter of the controversy is such as to be considered in the nature of a private right, then the statute of limitations runs against said cause of action; but, if the subject-matter of said cause of action is such as to be considered a public right of said municipality, or political subdivision, then the statute of limitations does not run against said cause of action.

With this distinction in mind, and applying the same to the cases cited by both parties to said cause, we arrive at the conclusion that the question of whether or not the statute of limitations was applicable to the case at bar depends upon whether the subject-matter of said suit was such as to be considered a public right or a private right.

The test as to whether a matter is a public right or a private right, appears to be whether the right is such as to affect the public generally or to merely affect a class of individuals within the political subdivision.

In the Woodward County Case. supra, the money sought to be recovered affected only the taxpayers of said county, and was held to be a private right. But where the right is such as to be used by the public in general, or in which the general public would have an interest, it is considered a public right. In the case at bar the property was purchased for a county courthouse site and street. Not only the taxpayers of Pontotoc county were interested in said matter, but the public is especially interested therein. The public uses the courthouse grounds and street adjacent thereto, whether residents of said county or of some other county or state. The use is general and to all the public and thereby becomes a public right. We consider it plainly a public right in the light of the decisions of this court, and since the subject-matter of the suit was a public right, the statute of limitations would not run against said right and the overruling of defendant's demurrer was proper.

Defendant's second question of error is that the judgment is not supported by sufficient evidence, and is contrary to the law and evidence.

In considering said question of error, it will be necessary to determine whether or not the evidence rises to that degree of proof required in cases such as the case at bar. Each member of the board of county commissioners testified relative to said transaction, and each commissioner thought that the county was to receive the strip of land under controversy in this suit, to wit, 10 feet of lot 7 in block 105, Ada, Okla. We also observe that there was a variance between the description in the contract and the description in the deed. A part of the description in said contract, to wit, that plaintiff should receive the south half of block 105, would give to plaintiff the property which is the subject-matter of this suit; but the further statement in said contract that the said tract of land was 140 feet by 400 feet would be in accordance with defendant's contention.

There was a conflict as to the evidence before the court. The rule laid down by this court in order to reform a deed or contract is that the evidence must be full, clear, unequivocal, and convincing.

The learned trial court. in instructing the jury in said cause, in instruction No. 2 of his charge, stated:

"You are instructed that the burden of proof is upon the plaintiff to prove said alleged mistake of fact, not only by a preponderance of the evidence, but. in addition. the evidence must be full. clear. unequivocal, and convincing on this point."

Under the instruction of the court as given, the jury was given the proper rule by which to weigh the evidence in said cause.

The jury applied said rule to the evidence,

and held for plaintiff, so that we must consider that the jury found that the evidence was full, clear, unequivocal, and convincing upon the point that there had been a mistake and that plaintiff should prevail.

We are aware of the fact that this court has held on numerous occasions that where there is competent evidence to support the verdict of the jury, the same will not be reversed on appeal.

We are also aware of the fact that in a case such as the case at bar a higher degree of proof is required than is required in the average suit.

We have carefully considered the evidence in the case at bar, and find that said evidence meets the rule laid down by this court in such cases as the one at bar.

The jury, who are the triers of questions of fact. heard the evidence in said cause and under proper instructions found that said evidence was sufficient to justify a verdict for plaintiff.

Under the rule of this court, we affirm the judgment of the lower court, finding that the evidence is clear, cogent, and convincing.

The judgment of the trial court is affirmed.

RILEY, SWINDALL, McNEILL, and KORNEGAY. JJ., concur. LESTER, C. J., and ANDREWS, J., dissent. CLARK, V. C. J., disqualified. HEFNER, J., absent.