WOOTEN et al. v. STATE ex rel. COMR'S OF THE LAND OFFICE.

No. 30309. Sept. 29, 1942.

*129 P. 2d 584.*

M. E. Becker, of Boise City, for plaintiffs in error.

Orlando F. Sweet and Everett H. Welborn, both of Oklahoma City, for defendant in error.

DAVISON, J. This is an action to foreclosure a real estate mortgage executed on November 7, 1930, to the Commissioners of the Land Office to secure a loan of $2,700 made from the school fund to Estella M. Wooten and Arthur Wooten, wife and husband, mortgagors. Default in payment occurred in·1931.

The action was instituted on April 10, 1940, in the district court of Cimarron county (that being the county in which the mortgaged property is situated) by the State of Oklahoma on relation of the Commissioners of the Land Office, as plaintiff, against the Wootens and others as defendants. Personal judgment as well as a decree of foreclosure was sought against the Wootens.

The decision of the trial court was for the plaintiff, and the Wootens have appealed, appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designation.

The sole and only contention of the defendants is that the action was barred within five years by the statute of limitation (12 O. S. 1941 § 95).

The contention is untenable for the reason that this is an action instituted and prosecuted by the state in its sovereign capacity for the enforcement of a public right as distinguished from a private right. When prosecuting an action in such a capacity and for such a purpose, the state is immune from the operation of the statute.

It is the general rule that unless the statute of limitations provided to the contrary, or unless the state is included in the nature of the mischiefs sought to be remedied by the statute, said statutes do not apply to states suing in their sovereign capacity. White v. State, 50 Okla. 97, 150 P. 716; White v. State, 50 Okla. 104, 150 P. 718; 34 Am. Jur. 307. This doctrine of sovereign immunity has been applied in this jurisdiction to actions by the State Bank Commissioners arising in connection with the liquidation of insolvent banks (State v. McLaughlin, 159 Okla. 4, 12 P. 2d 1106; State v. Smith, 77 Okla. 277, 188 P. 96); even though other states do not extend the doctrine that far. Annotation 122 A. L. R. 945; 34 Am. Jur. 314. The doctrine applies where the state is acting in its sovereign capacity to protect or enforce a public right as distinguished from a private

right. Herndon v. Board of Com'rs of Pontotoc Co., 158 Okla. 14, 11 P. 2d 939; State ex rel. v. Hall, 191 Okla. 257, 128 P. 2d 838.

Notice and consider, also, United States v. Nashville, Chattanooga & St. Louis Railway Co., 118 U. S. 120, 30 L. Ed. 81. The basis of the doctrine was stated in White v. State, supra (50 Okla. 97):

". . . The ground on which this doctrine rests is the great principle of public policy that the public interests shall not be prejudiced by the negligence of public officers, to whose care they are consigned."

And in Board of County Com'rs v. Good Township of Harper County, 188 Okla. 151, 107 P. 2d 805, it was said:

"If this court is to continue to recognize a distinction between a public and private right of a political subdivision of the state with reference to the application of the statute of limitations thereto, the distinction when drawn should be bolstered by every reasonable presumption favorable to government immunity from the limitation . . ."

It is thus apparent that the statute of limitations does not bar an action to foreclose a real estate mortgage executed to the Commissioners of the Land Office to secure a loan from the school fund, and to enforce the debt which it secures.

The state also asserts that in this case defendants' contention is not well taken for the added reason that the statute does not commence to run from date of default under an accelerated maturity clause, but runs from maturity date unless the state as mortgagee elects to act under the accelerated maturity clause. The appeal being disposed of on the grounds as previously stated, this latter view of the case will not be discussed.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and HURST, JJ., concur. GIBSON and ARNOLD, JJ., absent.