STATE ex rel. OKLAHOMA EMPLOYMENT SEC. COM. v. EDDIE et al.

No. 31367. Dec. 12, 1944.

Rehearing Denied Jan. 16, 1945.

*154 P. 2d 763.*

Bruton Wood, Burton Duncan, and Mark L. Neumann, all of Oklahoma City, for plaintiff in error.

Twyford & Smith, of Oklahoma City, for defendants in error.

WELCH, J. This is an action for the recovery and collection of contributions exacted by the provisions of chapter 52, S. L. 1936, now contained in 40 O. S. 1941 §§ 211-229.

The action was commenced on January 6, 1942, and sought recovery upon contributions alleged to have become due and payable in 1936 and 1937. The trial court sustained a demurrer to the petition upon the theory that the causes of action were barred by limitation, from which action and judgment of the court this appeal was taken.

The statutes upon which the action is based were enacted in 1936, and among other things section 14b thereof provided as follows (40 O. S. 1941 § 224 (b) (1) ):

"If, after due notice, any employer defaults in any payment of contributions or interest thereon, the amount shall be collected by civil action in the name of the State of Oklahoma, and the employer adjudged in default shall pay the costs of such action. Civil actions brought under this section to collect contributions or interest thereon from an employer shall be heard by the court at the earliest possible date, and shall be entitled to preference upon the calendar of the court over all civil actions except petitions for judicial review under this act and cases arising under the Workmen's Compensation Law of this state."

The act contained no clause limiting the time within which such actions might be brought.

By section 15, chapter 6, S. L. 1941, Title 40, sec. 224 (b) (4) O. S. 1941, said section 14 of the former act was amended as follows:

"Civil actions brought hereunder to collect contributions, interest or penalty thereon, from an employer, must be commenced within three years after the date on which the report or return was filed or was required to be filed."

More than three years had elapsed after the date on which these reports and returns were filed or were required to be filed at the time of the 1941 amendment.

We have to determine herein whether the general statutes of limitation applied prior to the 1941 amendment, and if not, the effect of such amendment.

In State ex rel. Com'rs of Land Office v. Hall et al., 191 Okla. 257, 128 P. 2d 838, paragraph 1 of the syllabus reads as follows:

"It is the general rule that unless the statute provides to the contrary or unless the state is necessarily included by the nature of the mischief sought to be remedied, the statute of limitations does not apply to states when suing in their sovereign capacity."

And the same in Wooten et al. v. State ex rel. Com'rs of the Land Office, 191 Okla. 306, 129 P. 2d 584. Those opinions but follow the many previous expressions of this court as therein shown, and that is probably the universal rule on the point.

That this suit is brought by the state through its duly appointed agency with express authority to such purpose, there seems to be no doubt.

But is the suit brought in the state's sovereign capacity? We would be unable to logically distinguish the present case from our former opinions above noted in that respect. Furthermore, the Legislature in its declaration of the state's public policy in the enactment of the Oklahoma Unemployment Compensation Law, a part of which we are considering, provided in section 2 thereof as follows:

". . . The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of citizens of this state require the enactment of this measure, under the *police powers* of the state, for the compulsory setting aside of unemployment compensation funds to be used for the benefit of persons unemployed through no fault of their own."

See 40 O. S. 1941 § 212. No case has been called to our attention wherein it has been held that a state, acting in the exercise of its police powers, acts otherwise than in a sovereign capacity. We conclude that the state in respect to this action is acting in the exercise of its sovereign capacity, and that the general statute of limitations of actions, 12 O. S. 1941 § 95, does not apply.

The 1941 amendment fixing a limitation of three years for this character of action became effective May 16, 1941. At that time three years had already elapsed with respect to these causes of action. The amendment contains nothing to indicate a legislative intent to immediately bar claims with respect to which the three years had already run. The rule governing in such cases is clearly stated in Magnolia Petroleum Co. v. Watkins et al., 177 Okla. 30, 57 P. 2d 622. Paragraph 2 of the syllabus thereof is as follows:

"In construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held, in the absence of a contrary provision, to begin when the cause of action is first subjected to its operation."

We therefore conclude that the trial court erred in the premises, and the judgment is reversed and the cause is remanded.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur.