The STATE INSURANCE FUND, a Department of State, Plaintiff in Error,

v.

Lelia B. TARON, Defendant in Error.

No. 38022.

Supreme Court of Oklahoma.

Nov. 25, 1958.

Rehearing Denied Dec. 16, 1958.

**510**

Mont R. Powell, Fred Albert, Oklahoma City, Moraul Bosonetto, Sapulpa, for plaintiff in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

In this case it appears that on the 21st day of August, 1954, while in the employ of the City of Shawnee, Leon Wellman sustained an accidental injury caused by a collision between an automobile driven by Lelia B. Taron and one driven by him; that the collision was caused by the alleged negligence of Lelia B. Taron. On the 27th day of November, 1956, Wellman elected to take compensation for the injury under the Workmen's Compensation Law and on said date executed an assignment to the State Insurance Fund assigning his cause of action against Lelia B. Taron to it. The assignment was executed under the provisions of Tit. 85 O.S.1951 § 44. This section provides:

"If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Wellman thereafter filed a claim for compensation against the City of Shawnee and the State Insurance Fund and under order entered by the Commission on November 28, 1956, was awarded compensation against the City of Shawnee and the State Insurance Fund in the sum of $3,850 and in addition thereto the Fund paid medical expenses for the treatment of Wellman in the sum of $1,373 and two per cent tax to the Special Indemnity Fund, making total payments in the sum of $5,300, which amount has been fully paid by the Fund.

On the 10th day of April, 1957, the State Insurance Fund brought an action against Lelia B. Taron, the third party causing the injury, to recover the amount paid and in its petition alleged the above facts and in addition thereto alleged that the automobile accident above referred to was caused by the negligence of defendant Lelia B. Taron and specifically pleaded the act of negligence relied upon and prayed judgment against defendant for the sum of $5,300.

The trial court sustained defendant's demurrer to plaintiff's petition on the ground that plaintiff's cause of action was barred by limitation and entered judgment against plaintiff dismissing its cause of action.

Plaintiff appeals and assigns this ruling as error.

It is plaintiff's contention that its cause of action is based on a liability created by statute other than a forfeiture or penalty and therefore that it had three years after its cause of action accrued within which to file its claim, citing Tit. 12 O.S. 1951 § 95, subd. 2.

It further contends that its cause of action under the above section of the statute did not accrue until Wellman, claimant in the compensation case, elected to take compensation under the Workmen's Compensation Act; that the election was made and the assignment executed on the 27th day of November, 1956; that its action was filed on the 10th day of April, 1957, and was therefore filed in time; and that the trial court erred in sustaining defendant's demurrer to its petition. '

■ Defendant contends that the State Insurance Fund, after having obtained the assignment from Wellman and after it had paid the compensation awarded, was, under the statute, merely subrogated to the right of Wellman; that it stood in his shoes; that his right was that of bringing an action against Taron to recover damages for personal injuries sustained; that had Wellman brought the action he would have been required under Tit. 12 O.S.1951 § 95, subd. 3, to bring it within two years after the accident occurred, and that since the State Insurance Fund, upon obtaining the assignment from Wellman, was merely subrogated to his right, it had no better right than he; that its right was only a right to bring an action against Taron to recover damages sustained by Wellman because of Taron's negligence in causing his injuries and accordingly it was also required to file its action within two years after the injury occurred; that having failed to do so, its action is barred.

In support of its contention plaintiff cites Limited Mutual Compensation Ins. Co. v. Billings, 74 Cal.App.2d 881, 169 P.2d 673; Aetna Casualty & Surety Co. v. Bechtel Corp., Cal.App., 251 P.2d 762. These cases held the three year statute of limitations as to liabilities created by statute, West's Ann.Code Civ.Proc. § 338, rather than the one year statute of limitations as to personal injury actions, West's Ann.Code Civ.Proc. § 340, was applicable to statutory action by employer against third party tort-feasor for injuries to employee. However, the Supreme Court of California held otherwise. It held that the one year statute of limitations as to personal injury actions was applicable to statutory action by insurance carrier against third party tort-feasor for injuries to employee of insured, rather than the three year statute of limitations as to liability created by statute. Aetna Casualty and Surety Co. v. Pacific Gas & Electric Co., 41 Cal.2d 785, 264 P.2d 5, 41 A.L.R.2d 1037. The California statute however is so materially different from section 44 of our Statute, supra, as to render the California decisions of no aid in arriving at a solution in this case.

Defendant cites numerous authorities in support of her contention. We will refer to a few. In Maryland Casualty Co. v. Ladd, 121 Kan. 659, 249 P. 687, 688, the Supreme Court of Kansas held that compensation insurance carrier who pays an award entered by the State Industrial Commission for an injury sustained because of the negligence of a third party, must bring its action to recover the amount paid within two years after the injury occurred; that the action of the insurance carrier is one in tort to recover damages sustained by the injured employee because of negligence of a third party causing the injury, and must therefore be brought within two years after the injury occurred. The Kansas Statute, R.S.1923, § 44–504, provides that an indemnitor who has paid compensation under the Workmen's Compensation Law shall be subrogated to the right of a workman to recover damages

against the wrongdoer. The insurance carrier who brought the action against the third party who caused the injury contended that the action was based on a liability created by statute and therefore it had three years after the cause of action accrued to bring the action. The court denied the contention and, in doing so, said:

> "The plaintiff is seeking to enforce the right of action which Branson had. It was given, and had no greater or different right against Ladd than Branson had. By the substitution permitted under the statute plaintiff became entitled to the rights and remedies possessed by the injured party. Branson's only right of action was one for damages for a wrongful personal injury. The substitution placed the plaintiff in the shoes of Branson, who was entitled to recover from Ladd, not compensation, but damages, and in such an action the defendant could make any defense that would have been open to him if the action for damages had been brought by Branson, including the one that the right of action against him was barred by the statute of limitations. The substitution did not change the nature of the action nor the liability of Ladd. This liability and the fact that plaintiff acquired only the rights and remedies possessed by Branson against Ladd makes it clear that the two-year period of limitations applicable to a recovery for a wrongful personal injury is the governing limitation in this action, and hence the ruling of the district court must be affirmed."

In Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1, the Supreme Court of Missouri held an employer's statutory action, as subrogee, for wrongful death of employee, accrued upon the death of the employee, rather than when the compensation commission made the award, and was subject to the one-year limitation imposed by the death statute, V.A.M.S. § 537.-070 et seq., rather than to the five-year limitation, V.A.M.S. § 516.120.

In Exchange Mut. Indemnity Ins. Co. v. Central Hudson Gas & Electric Co., 243 N.Y. 75, 152 N.E. 470, the court followed the above cases and applied the rule therein announced although the award was not entered until more than two years after the injury occurred. In 41 A.L.R.2d at page 1045, the annotator, speaking on this question, says:

> "The weight of authority favors the rule that the statute of limitations applicable in actions for damages for personal injury, or for death, as the case may be, governs in actions by an employer or insurance carrier subject to payment of workmen's compensation, against a third person for injury to, or death of, an employee, the theory usually accepted being that the employer is subrogated to the right of the employee to recover for the injury, or of the employee's representative to recover for his death."

Numerous authorities appear in the annotations at page 1046 which support the statement. We conclude that the trial court ruled correctly in applying the two-year statute.

Plaintiff, State Insurance Fund, contends that it has a right to maintain an action against defendant Taron for indemnity. We do not agree. The U. S. Circuit Court of Appeals, in the case of Lee Way Motor Freight, Inc., v. Yellow Transit Freight Line, Inc., 10 Cir., 251 F. 2d 97, 99, defines indemnity as follows:

> "* * * Indemnity is a right which enures to a person who has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other. It implies a primary liability in one person, although a second person is also liable to a third party. Some benefit must have accrued to the indemnitor, the person primarily liable. * * * *"

Plaintiff, State Insurance Fund, paid no debt or obligation to Wellman which should have been paid by defendant Taron. Plain-

tiff was neither primarily nor secondarily liable to Wellman for his injury. At the time Wellman elected to take compensation under the Workmen's Compensation Law, he could not have maintained an action against defendant Taron, for the reason that his action was then barred by limitation. Since Wellman could not have maintained an action agaisnt Taron, neither may plaintiff State Insurance Fund maintain an action against her on the theory that it is entitled to recover indemnity from her.

The State Insurance Fund became liable to Wellman under the Workmen's Compensation Law only because it entered into a contract of insurance with the City of Shawnee, Wellman's employer, for the protection of its employees. No benefit accrued to defendant Taron and the alleged indemnitor by virtue of payment of the award by plaintiff to Wellman. The contention of plaintiff in this respect under the facts and circumstances of this case cannot be sustained.

Plaintiff finally contends that as the State Insurance Fund is a department of the State of Oklahoma, the statute of limitations does not run against it. The general rule is that the statute of limitations does not apply to states when engaged in the sovereign capacity. Wooten v. State ex rel. Com'rs of Land Office, 191 Okl. 306, 129 P.2d 584; State ex rel. Oklahoma Employment Sec. Comm. v. Eddie, 195 Okl. 26, 154 P.2d 763; but the rule is otherwise, and the state is not exempt from the statute of limitations, where it goes into business in concert, or in competition with, individuals, or a suit in its name, or for its benefit, concerns private, as distinguished from public, rights, or is not brought in the capacity of sovereignty. 53 C.J.S. Limitations of Actions § 15, p. 943. Tit. 85 O.S. 1951 § 133 in part provides:

"The Commissioner shall have full power and authority to manage and conduct all business and affairs relating to the State Insurance Fund, all of which business and affairs shall be conducted under the name of the State Insurance Fund, and in that name and without any other name or title, the Commissioner may:

"(1) Sue and be sued in all the courts of the State, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with the State Insurance Fund, and administer, manage, or conduct all the business and affairs relating thereto."

Section 132 provides that the State Insurance Fund Commissioner shall have full authority in the management and control over its insurance business to the same extent as a governing body of any private insurance carrier may have in the management of its business. In State Insurance Fund v. Feldgreber, Okl., 317 P.2d 203, 205, we held:

"The Legislature of this state by the enactment of 85 O.S.1951 section 133 waived the sovereign immunity of the State Insurance Fund from all suits arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with the State Insurance Fund and in the administration and management of the business and affairs of said Fund."

The action here brought by the State Insurance Fund arises out of the management and administration of its insurance business. The statutes of limitations therefore apply to it to the same extent as to any other private insurance carrier.

In view of the foregoing, we conclude that the trial court ruled correctly in sustaining defendant's demurrer to plaintiff's petition and entering judgment dismissing plaintiff's cause of action. Its judgment is therefore affirmed.

CORN, V. C. J., and DAVISON, HALLEY and JACKSON, JJ., concur.

WELCH, C. J., and JOHNSON, WILLIAMS and CARLILE, JJ., dissent.