STATE of Oklahoma ex rel. Jan Eric CARTWRIGHT, Oklahoma Attorney General, Appellant,

v.

Don TIDMORE, Appellee.

No. 59372.

Supreme Court of Oklahoma.

Dec. 12, 1983.

On June 11, 1982, the appellant-plaintiff, the State of Oklahoma, filed suit in District Court seeking to recover monies allegedly wrongfully paid from the State Treasury to the appellee-defendant, Don Tidmore. The appellant alleged the monies had been paid pursuant to contracts between appellant and appellee, the last payment having been made more than nine years prior to commencement of the action for their recovery. In its petition the State alleged that the contracts were unlawful because they had not been reduced to writing and had been awarded without competitive bidding.[1] It also alleged that appellee had obtained the contracts through fraudulently representing he was the president of a consulting firm, which in fact was non-existent.

The appellee demurred, arguing in support that suit was barred by the statute of limitations, 12 O.S.1981, § 95 (Fourth).[2] The trial court sustained the demurrer and found:

> "That officers and agents of the State of Oklahoma were necessarily responsible in the purchasing irregularities giving rise to this suit. That this negligence was compounded by the fact that the operative facts were known to the office of the attorney general before the running of the applicable statute of limitations, but that it failed to bring suit for many years after the applicable statute of limitations had run. That for the foregoing reasons, the State should not be immune from the running of the applicable Statute of Limitations."

We have long-recognized the general rule that statutes of limitations do not operate against the state when it is acting in its sovereign capacity to enforce a public right. *Charles Banfield Co. v. State ex rel. Fallis,* 525 P.2d 638 (Okl.1974); *Sears v. Fair,* 397 P.2d 134, 55 A.L.R.2d 554 (Okl.

Michael C. Turpen, Atty. Gen., James B. Franks, Victor N. Bird, Asst. Attys. Gen., Oklahoma City, for appellant.

J.M. Insabella, Tulsa, for appellee.

ALMA D. WILSON, Justice.

The dispositive issue on appeal is whether limitation of actions bars a civil suit brought by the State suing in its sovereign capacity. We reaffirm earlier and controlling decisional law, discussed *infra,* and hold that where the State is suing to vindicate legal rights which are public in nature, rather than private, suit is not barred by limitation of actions.

Our discussion is confined to only those matters briefed on appeal.

1. Appellant cited as authority 74 O.S.1971, §§ 85.7, 85.2(3), and 85.2(7); and 62 O.S.1971, § 41.16.

2. Title 12 O.S.1981, § 95, provides in part:
    Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

\* \* \* \* \* \*
    Fourth. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

1964); *State ex rel. Oklahoma Employment Security Com'n v. Eddie,* 195 Okl. 26, 154 P.2d 763 (1945); *Herndon v. Board of Com'rs in and for Pontotoc County,* 158 Okl. 14, 11 P.2d 939 (1932). The determining factor as to whether the statute of limitations runs against a cause of action to which the state or a subdivision is a party, is determined by whether the right affected is a private right or a public right. The test is whether the right is such as to affect the public generally or merely affects a class of individuals. *Sears v. Herndon, supra.*

■ In the instant case, the appellant is attempting to assure the rights of the public to have state contracts for services protected by written contracts and competitive bidding pursuant to 62 O.S.1971, § 41.16, and 74 O.S.1971, § 85.7. Both provisions insure that government officials are accountable to the public, and are discharging their duties competently and responsibly. Laws requiring competitive bidding and written contracts protect the public at large by promoting economy in government and reducing the likelihood of fraud. We consider these plainly public rights against which limitation of actions does not run.

The appellee urges that the State should not be immune from the running of the statute of limitations, citing the rule stated in *State ex rel. Land Office Com'nrs v. Hall,* 191 Okl. 257, 128 P.2d 838, 840 (1942), "that, unless the statutes provide to the contrary, *or unless the State is necessarily included by the nature of the mischiefs to be remedied,* Statutes of Limitations do not apply to states when suing in their sovereign capacity." (*Emphasis added*). Appel-

lee contends the mischief sought to be remedied is that which forms the basis of the cause of action; and that since State officers and agents were involved in awarding the contracts, the State was necessarily included in the alleged mischief.

A reading of a subsequent decision using substantially the same language is more susceptible to a reading that "mischiefs" refer to those which are sought to be remedied by the operation of the statute of limitations, rather than the wrongs prosecuted:

It is the general rule that unless the statute of limitations provided to the contrary, or unless the state is included in the nature of the *mischiefs sought to be remedied by the statute,* said statutes do not apply to states suing in their sovereign capacity.

*Wooten v. State ex rel. Commissioners of Land Office,* 191 Okl. 306, 129 P.2d 584 (1942). (*Emphasis added.*) This language can be traced to *Weber v. State Harbor Com'rs,* 85 U.S. 57, 18 Wall. 57, 21 L.Ed. 798 (1873), where it appears that "mischiefs" refers to those which are sought to be remedied by the statute of limitations.[3] Such interpretation conforms to the principle that the public interest shall not be prejudiced by the negligence of public officers to whose care it is consigned. *White v. State,* 50 Okl. 97, 150 P. 716 (1915). For were this not the case, under the appellee's analysis the public right could not be vindicated after a certain time had passed where one had perpetrated a fraud against the state

**3.** In *Weber* the appellant had asserted he had acquired title by prescription of government property which the State of California had legislatively designated to be held by the sovereign in trust for the public. The Supreme Court wrote:

"When, therefore, no claim to property is *made for years against the possessor, the* presumption arises that his possession is founded in right, and by statute the presumption being conclusive, the possessor is said to have acquired title by operation of the statute or by prescription. The presumption to which the statute gives this effect extends, however, only against individual claimants;

their personal interest is supposed to be sufficient to induce vigilance in the enforcement of their claims. It does not extend against the state, which acts through numerous agents, having no such incentive to prosecute her claims. The rule, therefore, with respect to her rights is: that they are not lost or impaired by the negligence of her officers, a rule which has been found, by experience, essential to the preservation of the interests and property of the public. Statutes of limitation, are not for this reason held to embrace the state, unless she is expressly designated, or necessarily included by the nature of the mischiefs to be remedied.

and one of its officers or agents had been involved.

We find further that the District Court erred in an additional respect. An examination of the appellant's petition reveals that no affirmative facts were plead which would support the District Court's statement that operative facts of the suit were known to the attorney general before the running of the "applicable statute of limitations." It is a cardinal rule that when ruling on a demurrer to a petition the court has no right to go outside the pleadings for information and to consider matters or evidence dehors the record. The court must base its rulings wholly and entirely upon the language of the pleadings. *James v. Unknown Trustees*, 203 Okl. 312, 220 P.2d 831 (1950). Moreover, laches and estoppel do not apply against the state acting in its sovereign capacity because of mistakes or errors of its employees. *State ex rel. Land Office Com'rs v. Hall, supra; State ex rel. Oklahoma Tax Com'n v. Emery*, 645 P.2d 1048 (Okl.App.1982) *(approved for publication by Okl.S.Ct., May 7, 1982.)*

The sustention of the demurrer and dismissal are therefore reversed and the cause is remanded to the District Court for further proceedings.

BARNES, C.J., and IRWIN, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., concurs by reason of *stare decisis*.

SIMMS, V.C.J., and HODGES, J., dissent.