**STATE OF OKLAHOMA ex rel. DEPARTMENT OF HUMAN SERVICES, an agency of the State of Oklahoma, Plaintiff,**

v.

**CHILDREN'S SHELTER, INC., an Oklahoma corporation; the Estate of W.H. Pat O'Bryan, Sr.; W.H. O'Bryan, Jr., individually and as the Personal Representative of the Estate of W.H. O'Bryan, Sr.; Donald L. O'Bryan, individually and as the Personal Representative of the Estate of W.H. Pat O'Bryan, Sr.; Patricia Pearl O'Bryan Etherton; the Estate of Virginia Harper O'Bryan; Donald A. Harper, Personal Representative of the Estate of Virginia Harper O'Bryan; and Teresa K. Etherton Goff, Defendants.**

No. CIV–84–364–W.

United States District Court,
W.D. Oklahoma.

Jan. 7, 1985.

See also, D.C., 604 F.Supp. 871.

Charles L. Waters, General Counselor, Richard Freeman, Roger Stuart, Sp. Asst. U.S. Attys., Dept. of Human Services, Oklahoma City, Okl., Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., William S. Price, U.S. Atty., Oklahoma City, Okl., Michael F. Hertz and Vincent B. Terlep, Jr., Steven J. Riegel, Commercial Litigation Branch, Civil Div., Dept. of Justice, Washington, D.C., Richard Freeman and Roger Stuart, Sp. Asst. U.S. Attys., Oklahoma City, Okl., for plaintiff.

Robert J. Turner and Robert J. Goralewicz, Turner, Turner, Green & Braum, Gary R. Underwood, Bush, Underwood & West, Oklahoma City, Okl., for defendants.

Donald L. O'Bryan, pro se.

W.H. O'Bryan, Jr., pro se.

Patricia Pearl O'Bryan Etherton, pro se.

Teresa Etherton Goff, pro se.

## ORDER

LEE R. WEST, District Judge.

This matter comes before the Court on the Motion to Dismiss or Strike ·of the defendants, Estate of Virginia Harper O'Bryan, deceased, and Donald Harper, Personal Representative of Virginia Harper O'Bryan. The defendants have moved the Court in the alternative to require the plaintiff, the State of Oklahoma *ex rel.* the Department of Human Services, to make more definite and certain its allegations. The plaintiff has responded in opposition to the motions and based upon the parties' submissions and the allegations in the amended complaint, the Court makes the following determination.

The plaintiff's amended complaint sets forth four causes of action alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968 (Counts I–IV), one count alleging a civil conspiracy to defraud (Count V), one count alleging fraud (Count VI), and one count alleging conversion (Count VII). The defendants have challenged first the allegations that Mrs. O'Bryan violated RICO and have argued that since Mrs. O'Bryan was not involved with organized crime and since she was never convicted of the predicate criminal offenses upon which the alleged RICO violations are based, the RICO action cannot be maintained.

■ The first argument is without merit in light of decisions rendered in this judicial district which firmly establish that in order to pursue a civil RICO claim, a plaintiff need not allege that the defendant was affiliated with, or engaged in, some type of organized crime. *See, e.g., In re Longhorn Securities Litigation,* 573 F.Supp. 255 (W.D.Okla.1983); *Doyle v. Trinity Savings & Loan Ass'n,* No. CIV–83–1736–W (W.D. Okla. October 29, 1984). Thus, the absence of such allegations in the amended complaint are not fatal to plaintiff's causes of action.

■ The Court finds that the absence of allegations that Mrs. O'Bryan was convicted of the underlying predicate acts is likewise not fatal to maintaining these causes of action. The Court has adopted certain portions of *Sedima, S.P.R.L. v. Imrex Company,* 741 F.2d 482 (2d Cir.1984), but has not adopted that portion of *Sedima* which requires conviction of the underlying offenses despite defendants' request that the Court do so. *See Rother v. La Renovista,* 603 F.Supp. 533 (W.D.Okla.1984).

■ The defendants have also challenged the plaintiffs' Fifth Cause of Action which is entitled "Civil Conspiracy to Defraud" and Fourth Cause of Action which alleges a conspiracy under RICO. The defendants have argued that the Fifth Cause of Action must fail since the predicate tort for the conspiracy, namely presentation of false and fraudulent claims, is the subject of another cause of action. The defendants have challenged this cause of action not only as insufficient for failure to state a claim but also as redundant. The Court finds the allegations are set forth with sufficient specificity to state a claim for relief at this stage of the pleadings and that in the absence of any state authority to the contrary, the damages resulting from a civil conspiracy are recoverable in a cause of action which is separate and dis-

tinct from a cause of action based upon the independent underlying tort and thus the Fifth Cause of Action is not redundant.

■ With regard to the alleged conspiracy under RICO the defendants have argued that the plaintiff has failed to allege that Mrs. O'Bryan either conspired or agreed to commit the predicate acts. After incorporating a detailed description of the circumstances underlying the plaintiff's cause of action, the plaintiff has alleged in its amended complaint that Mrs. O'Bryan was an officer, director and stockholder of the defendant, Children's Shelter, Inc.; that all defendants, including Mrs. O'Bryan conspired and agreed in violation of 18 U.S.C. § 1962(d) to violate 18 U.S.C. §§ 1962(a), 1962(b), and 1962(c) from February 1968 to August 1983 by devising a schedule for monthly charges for certain items for which defendants would claim reimbursement from the Department of Human Services (DHS); that defendants compiled false information and records showing the amounts and costs of these items; that defendants mailed to the DHS these false and fraudulent claims; and that said defendants received payment therefor from the DHS.

The Court finds these allegations to be sufficient to state a cause of action at this stage of the proceeding against Mrs. O'Bryan for conspiring to violate RICO particularly since the particular violations of sections 1962(a), 1962(b), and 1962(c) are set forth in preceding cause of action.

■ The defendants have also argued that plaintiff's causes of action alleging fraud are deficient since the necessary specificity required by Rule 9, Fed.R.Civ.P., is lacking. The defendants have in particular challenged the amended complaint with regard to its lack of allegations demonstrating that Mrs. O'Bryan attempted to defraud the plaintiff.

As the Court stated in *Longhorn*, "Rule 9(b) does not require detailed fact pleading of claims of fraud." 573 F.Supp. at 263 (citations omitted). It " 'merely requires that the circumstances constituting the fraud ... be pleaded with particularity.' " *Id.* (quoting *Nolan Brothers, Inc. v. Unit-*

*ed States ex rel. Fox Brothers Construction Co.*, 266 F.2d 143, 145–46 (10th Cir. 1959) (emphasis deleted). Rule 9(b) must be read in conjunction with the system of notice pleading contemplated by the federal rules and specifically codified in Rule 8, Fed.R.Civ.P., and "the Court will not sustain an attack on a pleading of fraud unless absolutely necessary to protect the purposes underlying Rule 9(b)'s particularity requirement." 573 F.Supp. at 263–64.

The amended complaint sets forth the dates the alleged fraudulent activities occurred and alleges that all defendants, including Mrs. O'Bryan, presented to the DHS 1446 drug claims (explained in more detail on Exhibit A to amended complaint) when in fact said claims were false, that these claims were made with the intention that the DHS act upon the same, and that the DHS did act upon said claims and made payment to the defendants.

The Court has reviewed the defendants' arguments and the plaintiff's responses and after applying the foregoing standard to these allegations as they pertain to activities of all defendants, including Mrs. O'Bryan, the Court finds that the circumstances constituting the alleged fraudulent conduct are sufficiently pled to withstand the defendants' attack.

The defendants have also argued that the plaintiff's Sixth and Seventh Causes of Action or at least those allegations contained in said causes of action which describe events occurring prior to 1982 are barred by the applicable statute of limitations, 12 O.S. § 95 Third. The plaintiff has responded to this argument by contending that the statute of limitations does not operate to bar the instant actions.

In *State ex rel. Cartwright v. Tidmore*, 674 P.2d 14 (Okla.1983), the Oklahoma Supreme Court reaffirmed the long-recognized rule "that statutes of limitations do not operate against the state when it is acting in its sovereign capacity to enforce a public right." *Id.* at 15 (citing *Charles Banfield Co. v. State ex rel. Fallis*, 525 P.2d 638 (Okla.1974); *Sears v. Fair*, 397 P.2d 134 (Okla.1964); *State ex rel. Oklahoma Employment Securities Comm'n v.*

*Eddie,* 195 Okla. 26, 154 P.2d 763 (1945); *Herndon v. Board of Comm'rs for Pontotoc County,* 158 Okla. 14, 11 P.2d 939 (1932)). The state court held that "[t]he determining factor as to whether the statute of limitations runs against a cause of action to which the state or a subdivision is a party, is determined by whether the right affected is a private right or a public right. The test is whether the right is such as to affect the public generally or merely affects a class of individuals." 674 P.2d at 16.

The Court has reviewed the plaintiff's allegations in its amended complaint and finds under the circumstances set forth therein that the plaintiff is acting in its sovereign capacity to recover money allegedly paid by the state due to the tortious conduct of the defendants and that the recovery of such money will benefit the public in general. Accordingly, the Court finds that the statute of limitations is no bar to the plaintiff's Sixth and Seventh Causes of Action.

The defendants' final argument presupposes that the Court has dismissed the federal causes of action from this litigation and has pending before it only state claims. Since federal questions do exist, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court likewise has jurisdiction over the state claims under the doctrine of pendent jurisdiction since the state and federal claims rise "from a common nucleus of operative fact." *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

With regard to the defendants' contention that the plaintiff should be required to set forth in more definite terms its allegations, the Court finds that said allegations are neither so vague nor so ambiguous, that defendants are unable to frame a responsive pleading particularly since an answer has already been filed.

Based upon the foregoing, it is hereby Ordered that the first Motion to Dismiss filed on behalf of Mrs. O'Bryan is rendered MOOT by the filing of the amended complaint, that the defendants' subsequent Motion to Dismiss or Strike is DENIED and that Motion to Make More Definite and Certain is likewise DENIED.