2007 OK CIV APP 126

STATE of Oklahoma, ex rel. OKLAHOMA DEPARTMENT OF TRANSPORTATION, Plaintiff/Appellee,

v.

BOARD OF COUNTY COMMISSIONERS FOR the COUNTY OF COMANCHE COUNTY, State of Oklahoma, Defendant/Appellant.

No. 104,514.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 15, 2007.

Kenneth W. Elliott, Kim M. Rytter, Elliott and Pederson, Oklahoma City, OK, for Plaintiff/Appellee.

Michael R. Chaffin, Frailey, Chaffin, Cordell, Perryman, Sterkel & McCalla, L.L.P., Chickasha, Oklahoma, for Defendant/Appellant.

CAROL M. HANSEN, Presiding Judge.

¶1 The Oklahoma Governmental Tort Claims Act, 51 O.S.2001 § 151 et seq., (the Act), sets out a time limit in which an entity whose claim has been denied, may file an action in district court. This appeal involves a question of law as to whether this time

limitation applies to a sovereign, in this case, the Department of Transportation, a state agency (DOT). DOT claimed, and the trial court agreed, any statute of limitations, does not apply to it as it is a sovereign arm of the state.

¶2 Contested issues of law are reviewable in all actions by a de novo standard. An appellate court claims for itself plenary, independent and non-deferential authority to re-examine legal rulings. *Weeks v. Cessna Aircraft Company*, 1994 OK CIV APP 171, 895 P.2d 731.

¶3 This case arose out of an accident on Highway 49 in Comanche County. DOT alleged an employee of Defendant, Board of County Commissioners (County), while driving a vehicle in excess of the height limit, struck the bridge on the highway at the I44 overpass, damaging the bridge. DOT filed a claim against County pursuant to the Act. County denied the claim by law on July 24, 2004. DOT filed this action on December 29, 2005. County filed a Motion to Dismiss and Motion for Summary judgment alleging DOT's action was commenced outside the statute of limitations provided in the Act.[1]

¶4 DOT countered contending the statute of limitations contained in the Act did not apply to suits brought by governmental entities acting in their sovereign capacity to enforce a public right. Because repair and maintenance of bridges is a public activity, it is immune from dismissal based on running of the statute of limitations. The trial court overruled County's motion. The case was tried to the court. The court found in favor of DOT and awarded damages in the amount of $9,391. County appeals.

¶5 *Oklahoma City Municipal Improvement Authority v. HTB*, 1988 OK 149, 769 P.2d 131 holds actions of governmental entities acting in their sovereign capacities to vindicate public rights could not be barred by either a statute of repose or statute of limitations.

¶6 On appeal, County agrees with the above premise, but argues because this action involves a suit *by* a sovereign *against* a sovereign, this clear rule of law should not apply. It points to no authority in support of this contention. It also claims the statute of limitations in the Act must be used to set the outside limit for when the suit must be filed rather than a general statute of limitations.[2] Clearly, DOT's district court petition was filed outside of the time provided by the Act. Because we hold the limit for filing a district court action after denial of a claim does not apply to DOT, we need not decide this question.

¶7 DOT does not deny the Act applies to its lawsuit. However, it points out the trial court used the test adopted by *HTB* to determine whether the governmental entity was acting in its sovereign capacity to vindicate public rights.

¶8 The Court in *HTB* cited the test to determine whether the governmental entity was acting in its sovereign capacity to vindicate public rights as set out in *State ex rel. Cartwright v. Tidmore*, 1983 OK 116, 674 P.2d 14. The test is whether the right is such as to affect the public generally or merely affects a class of individuals. DOT maintains bridges and roads used by everyone, residents and non-residents of Oklahoma. Funding for these projects comes from taxpayers within the entire state. DOT, in filing suit, was attempting to recover damages to public property; thus it was acting in its sovereign capacity to vindicate a public right. It followed all the procedures required by the Act except the time limit for filing suit in district court. Unless a statute of limitations specifically provides otherwise, statutes of limitations do not apply to the state when it is suing in its sovereign capacity. *State ex rel. Oklahoma Tax Commission v. Emery*, 1982 OK CIV APP 13, 645 P.2d 1048. The Act does not provide otherwise.

¶9 AFFIRMED

BUETTNER, J., and BELL, J., concur.

---

1. 51 O.S.2001 § 157(B) provides any action must be filed in district court within 180 days after denial of the claim.

2. 12 O.S.2001 § 95