STATE of Oklahoma ex rel. Charles NESBITT, Attorney General, Appellant,

v.

APCO OIL CORPORATION, Appellee.

No. 50091.

Supreme Court of Oklahoma.

July 19, 1977.

Rehearing Denied Oct. 3, 1977.

Larry Derryberry, Atty. Gen., James H. Gray, Jo Angela Ables, Asst. Attys. Gen., Oklahoma City, for appellant.

John W. Hammett, Gen. Counsel, APCO Oil Corp., William G. Paul, Clyde A. Muchmore, John J. Griffin, Jr., Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellee.

PER CURIAM:

This appeal is from an order of the District Court of Oklahoma County which granted a motion for summary judgment in favor of appellee, Apco Oil Corporation, (APCO) defendant below. In October 1965, the Attorney General of Oklahoma filed an action for treble damages on behalf of the State of Oklahoma against APCO and other corporate defendants. The petition alleged APCO, among others, had engaged in a conspiracy to fix asphalt prices from January 1948 through September 1961, in violation of the provisions of 79 O.S. 1961 Chap. 1. The Attorney General also filed a companion case in federal court, asserting violations of the Federal Antitrust Act, based upon an asphalt price fixing conspiracy, during the years 1961 to 1965. We are not concerned with the federal action.

APCO filed a motion for summary judgment. In support of its motion, APCO raised six questions,[1] one of which was:

Whether the applicable statute of limitations runs against the State when it seeks to recover money damages as a "person" under the authority of 79 O.S. 1961 § 25?

The trial court held the State of Oklahoma was "a person" entitled to maintain the action, but as such was bringing the action to protect its business or property interests and not in the capacity of a sovereign. Therefore, the rule that the statute of limitations does not run against the state did not apply.[2]

The trial court granted APCO's motion for summary judgment inasmuch as the applicable statute of limitations, 12 O.S. § 95 had expired more than a year prior to the initiation of the suit. The State of Oklahoma appeals from this order, and asks us to review the trial court's ruling which must involve its interpretation of 79 O.S. 1961 § 25.

§ 25 provides: "Any *person*, firm, corporation or association, who shall be injured in his business or property by any other *person*, firm, corporation or association, by reason of anything forbidden, or declared to be unlawful by this Article, may sue therefor in the courts of this State, and shall recover threefold the damages by him sustained, and the cost of suit, and a reasonable attorney's fee to be fixed by the court." (Emphasis added).

The State of Oklahoma is not a firm, corporation, or association, thus, in order to maintain a suit for treble damages under the above quoted statute, the State must be considered to be a "person".

---

1. Other questions raised by APCO were:

    (1) Whether the State of Oklahoma split its cause of action against APCO by filing separate actions in both state and federal courts at the same time when the complaints show on their face that the wording, the parties, the product involved, the nature of the conspiracy, and the effects flowing from such conspiracies are identical.

    (2) Whether the State of Oklahoma split its cause of action against APCO when it could have asserted any alleged violation of state antitrust law as a claim pendent to the jurisdiction of the federal court.

    (3) Whether state antitrust regulation of the conduct alleged in the Petition is preempted by federal antitrust regulation.

    (4) Whether the State of Oklahoma may maintain this action against this defendant where the Attorney General initiated this action without proper authority pursuant to 74 O.S. § 18b.

    (5) Whether the State, in addition to the other remedies available only to it, also has a civil action for money damages as a "person" within the meaning of 79 O.S. § 25.

2. *State Insurance Fund v. Taron*, 333 P.2d 508 (Okl.1958).

■ In Oklahoma "person" is defined generally in 25 O.S.1971 § 16 as including "bodies politic". The term "bodies politic" ordinarily refers to the state or public associations.[3] In some Oklahoma acts the term "person" has been held to be broad enough to include every legal, commercial and governmental entity.[4] Certainly the State of Oklahoma is a juristic person in the sense it has the capacity to sue upon contracts or in vindication of its property rights. However, Title 79, Chapter 1, creates *new rights and remedies which are available only to those on whom they are conferred by the Act.* One of the rights conferred by the Act is the right to sue for treble damages under § 25 quoted above. The question before us is whether the Legislature in using the phrase, "any person" intended to confer upon the State of Oklahoma the right, as a person, to maintain such an action.[5] We hold that it did not for the following reasons:

■ (1) Section 25 provides that "any person" injured by a violation of the act "by any other person" may maintain an action for treble damages against the latter. If we interpret "person" to include the State of Oklahoma, the act must be construed also to allow a suit *against* the State of Oklahoma, as it is implausible the Legislature would use the term in two different senses in the same sentence. A reading of the statute as a whole leads us to conclude

it was not the intent of the Legislature to subject the State of Oklahoma to a suit for treble damages. The intent must have been to limit its meaning in both instances to individuals or corporations.[6]

■ (2) An examination of the act before us in its entirety strongly suggests a Legislative intent to *establish a dichotomy between the remedies available to the "State of Oklahoma" and a "person".* The State may proceed either in an equity action or in a criminal action against a "person, firm, corporation or association" who violates any section of the act. 79 O.S.1961 § 24 empowers the Attorney General to enjoin any combination which is in violation of the act, and also gives the State the power to seize the property of the parties involved pending final determination of the cause. 79 O.S.1961 § 27 allows the State to bring a criminal action against any violator of the act, and if any corporation is required to pay a fine or penalty, § 32 entitles the State to a lien on the property of the corporation. Conversely, individuals, firms and corporations, who are damaged by violations of the act may bring a civil action for treble damages under § 25.

■ (3) Provisions of § 25 provide for treble damages, costs and attorney fees. The purpose of such provisions is the same as that of § 7 of the federal act—to induce action against violators of the act who might not come within the definition of the

---

3. *Utah State Building Commission v. Great American Indemnity Co.*, 105 Utah 11, 140 P.2d 763 (1943).

4. *Oklahoma Human Rights Commission v. Hotie, Inc.*, 505 P.2d 1320 (Okl.1973).

5. See *United States v. Cooper Corporation*, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071 (1941).

6. In *United States v. Cooper Corp.*, supra n. 5, the United States Supreme Court interpreted the word "person" in Section 7 of the Sherman Antitrust Act which is virtually identical to the Section we are today interpreting. The Supreme Court employed a like rationale in ruling "person" as used in the Federal Act does not include the United States. In so holding, the court stated:
   "1. Without going beyond the words of the section, the use of the phrase 'any person' is insufficient to authorize an action by the

Government. This conclusion is supported by the fact that if the purpose was to include the United States, "the ordinary dignities of speech would have led" to its mention by name. It is supported also by the collocation of the phrase in the section. The provision is that 'any person' injured by violation of the Act 'by any other person or corporation' may maintain an action for treble damages against the latter. It is hardly credible that Congress used the term "person" in different senses in the same sentence. Yet, unless it did, the United States would not only be entitled to sue but would be liable to suit for treble damages. The more natural inference, we think, is that the meaning of the word was in both uses limited to what are usually known as natural and artificial persons, that is, individuals and corporations."

governmental officials charged with its enforcement.[7] Such incentives are unnecessary to motivate the State, for the cost of litigation is not of material importance to a sovereign.[8]

For these reasons, we hold the State of Oklahoma is not a "person" as the term is used in 79 O.S. 1961 § 25, it has no right to maintain an action for treble damages under the provisions of that statute. Accordingly, we affirm the summary judgment granted to APCO.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, BERRY and DOOLIN, JJ., concur.

BARNES, J., concurs in result.

WILLIAMS, IRWIN and SIMMS, JJ., dissent.

**7.** See *City of Atlanta v. Chattanooga Foundry & Pipe Co.*, 101 F. 900 (C.C.E.D.Tenn.1900).

**8.** 40 Mich.L.Rev. 149 (1941). Also see *United States v. Cooper Corp.*, supra, in which the Supreme Court of the United States stated at 312 U.S. 606, 61 S.Ct. 744:

"In addition, the concluding words of the section give the injured party, as part of his costs, a reasonable attorney's fee,—a provision more appropriate for a private litigant than for the United States."