No. 15,266.

MURPHY v. TRAYNOR.
(135 P. [2d] 230)

Decided March 15, 1943.

Mr. ALBERT E. SHERLOCK, Mr. ALBERT T. FRANTZ, for plaintiff in error.

Mr. F. E. DICKERSON, Mr. A. F. ZARLENGO, Mr. WILLIAM DWYER, for defendant in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF in error, who was the unsuccessful plaintiff in the trial court in an action for unlawful detainer, presents this case here for review by writ of error, asking that the writ be made a supersedeas and operate accordingly. In compliance with his formal request, we have elected finally to determine the cause on the supersedeas application. We shall hereafter refer to the parties as they appeared in the trial court:

Plaintiff in support of his action introduced in evidence a lease. It was conceded that plaintiff, at the time of the trial, was the sole owner of the property covered by the lease and was therefore the sole lessor and that the defendant was the lessee thereunder. The lease ran from the 1st day of July, 1938 to midnight on the 30th day of June, 1946. It contained a provision that the lessee should, "At his expense erect or cause to be erected a suitable building to be used for a dine and dance, beer and liquor place, and to expend for the construction and erection of said building the sum of not less than Three Thousand ($3000.00) Dollars, and that said building shall and will be completed in turn key style within Three (3) months from the date hereof." Another paragraph of the lease contained the following provision: "Party of the second Part will not use or permit the said premises to be used for any purposes prohibited by the laws of the United States or the State of Colorado, or by the ordinances of the County of Jefferson, nor for any other purpose than for the selling of wine, beer and liquors, for the purpose of a restaurant, and for the purpose of operating a gasoline filling station and automobile repair shop." The lease further contained a forfeiture clause reading as follows: "And it is expressly understood and agreed, by and between the parties aforesaid, that if the rent above reserved, or any part thereof, shall be behind or unpaid on the day of payment whereon the same ought to be paid as aforesaid, or if default shall be made in any of the covenants or agreements herein contained to be kept by said party of the second part, his executors and administrators, it shall and may be lawful for the said parties of the first part, their heirs, executors or administrators, agent, attorney or assigns, at their election, to declare said term ended, and into the said premises or any part thereof, either with or without process of law, to re-enter, and the said party of the second part, or any other person or persons occupying, in or upon the same, to expel,

remove and put out, using such force as may be necessary in so doing, and the said premises again to repossess and enjoy as in his first and former estate, without first making any demand for said rent, either upon the premises or elsewhere, or giving any notice that said lease is forfeited, anything in the statutes of Colorado to the contrary notwithstanding."

Plaintiff also introduced evidence of the conviction on May 3, 1941 of the defendant and one of his employees for an unlawful sale of malt liquor of more than 3.2 per cent alcohol to a minor. The evidence disclosed that, as a result of said conviction, the liquor license running to lessee had been revoked. Promptly after that conviction plaintiff served notice on defendant of termination by reason of forfeiture due to the foregoing conviction and made demand for surrender of the premises covered by the lease. Upon defendant's refusal this action was commenced.

A jury was called in the case at the beginning of the trial and, after plaintiff had rested, defendant moved for a nonsuit. The court reserved its ruling on this motion, and, defendant offering no evidence, counsel for plaintiff moved for a directed verdict. After argument, the motion for nonsuit was denied and, by stipulation of the parties, the cause was submitted to the court for determination both on the facts and law. Final judgment was in favor of defendant.

In addition to his testimony, plaintiff's evidence also included the testimony of defendant who was called for cross-examination under the statute. In the subsequent redirect examination, defendant testified that he was in California at the time the violation for which he and his employee were convicted occurred; that he had no personal knowledge of the events leading up to the conviction, nor of the commission of the offense; that he himself never sold any liquor to a minor on the premises in question, and that he never permitted the selling of liquor to a minor or minors on the part of his employee

who was so convicted, nor had he authorized him to violate any law of the State of Colorado or the ordinances of Jefferson County on the premises in question. He also testified that he had expressly instructed his convicted employee not to sell liquor to minors, but this part of his testimony was stricken. He further testified that he had constructed the buildings on the property according to the terms of the lease. Plaintiff's counsel objected to the admission in evidence of all of the foregoing testimony of defendant on redirect examination, and now include this in their specification of points as to error.

We believe this testimony was properly admissible as responsive to the question of the purposes for which the premises were being used.

■ ■ The principal question then is whether this single conviction for the illegal sale of liquor to a minor, under the circumstances as above set forth, justified the plaintiff in declaring a forfeiture under the lease. Counsel for both sides have commented favorably on the general principle that equity abhors a forfeiture. Counsel for plaintiff, however, point out that this is an action at law and not an equitable proceeding, and that a forfeiture clause cannot be overlooked, for that would be making a new contract for the contracting parties. We note, however, that it is a settled principle of both law and equity that contractual provisions for forfeitures are looked upon with disfavor—12 Am. Jur. 1016, §436; 19 Am. Jur. 96, §84—and that this applies with full force to stipulations found in leases and hence the rule that they are to be strictly construed against the party seeking to invoke them. 32 Am. Jur. 721, §848. Applying the rule of strict construction to the circumstances in the present case, we do not believe that this conviction of one sale of malt liquor containing over 3.2 per cent alcohol to a minor justifies a forfeiture under the provisions of this lease. We are of the opinion that this case comes under the rule laid down in *Hughes v. Pallas,*

84 Colo. 14 (267 Pac. 608), where we held that the conducting on leased premises of three separate rummage sales did not constitute a forfeiture because violating a covenant in the lease that the premises were to be occupied "for the purpose of conducting the business of a restaurant and cigar store; and for no other business." In the instant case the words "use," or "permit the said premises to be used," take the place of the word "occupied" in *Hughes v. Pallas, supra.*

██ Counsel for plaintiff quote, as supporting their contention, from the case of *State v. Gastonguay,* 118 Maine 31, 105 Atl. 402, where the words in question are defined thus: "The verb 'use' or 'used' has two meanings recognized by all lexicographers and unconsciously differentiated in common speech. 1—To employ or be employed or occupied. In this sense the word would include a single isolated instance of use. 2—To practice customarily or (in the case of a place or thing) to be the subject of customary practice, employment or occupation." Accepting the foregoing definition of the words "use" or "used," under the above mentioned rule of strict construction we employ the meaning most favorable to the person against whom a forfeiture is sought to be enforced, and accordingly adopt the meaning that implies customary practice, continuity, a certain duration in time, and reject the meaning that implies a single isolated instance of use. We are supported in this interpretation in the instant case by the construction placed on the words "use" and "used" in the following cases: *Tenement House Department v. McDevitt,* 215 N.Y. 160, 109 N.E. 88; *Commonwealth v. Hayes,* 150 Mass. 506, 23 N.E. 216; *167 East 86th St. Corp. v. Wienecke,* 229 N.Y.S. 473; *Lazarowitz v. Kazan,* 203 N.Y.S. 610; *United States v. Cohen,* 268 Fed. 420; *Commonwealth v. Patterson,* 138 Mass. 498; *McNeece v. Wood,* 204 Cal. 280, 267 Pac. 877; *Keating v. Preston,* 42 Cal. App. (2d) 110, 108 P. (2d) 479.

As was said by the court in *Tenement House Depart-*

*ment v. McDevitt, supra:* "In all these cases, some element of permanence has been held essential to a conviction. It is true, of course, that a building may be so used even on a single day as to justify the inference with but slight additional evidence that the illicit use has been continuous. But the inference in such a case is one of fact and not of law, and must be drawn, if at all, by the trial judge in the light of all the circumstances. The plaintiff makes no claim in this case that such an inference is possible. It takes its stand upon the broad position that a single act of vice leads as a matter of law to the conclusion that the building in which the act occurs is one used for prostitution."

We believe that the very wording of the clause in the lease in the instant proceeding relied upon for forfeiture is persuasive that there should be no forfeiture worked in the circumstances in this case. The words "purpose" or "purposes" which occur four separate times in the clause in question would appear to negative the intention of working a forfeiture for a single isolated event: The premises are not "to be used for any *purposes* prohibited by the laws of the United States or of the State of Colorado, or by the ordinances of the County of Jefferson, nor for any other *purpose* than for the selling of wine, beer and liquors, for the *purpose* of a restaurant, and for the *purpose* of operating a gasoline filling station and automobile repair shop." To paraphrase Justice Cardozo's words in *Tenement House Department v. McDevitt, supra,* if the contracting parties had the purpose of working a forfeiture upon a solitary conviction for violation of the liquor law, they must say so in plain words. We do not think they have said so in this contract.

The judgment is affirmed.