## No. 16,129.

MERKOWITZ *v.* MAHONEY.
(215 P. [2d] 317)

Decided November 21, 1949.  Rehearing denied February 27, 1950.

Messrs. DICKERSON, MORRISSEY & ZARLENGO, Mr. WILLIAM F. DWYER, Mr. WALTER F. O'BRIEN, for plaintiff in error.

Messrs. ROGERS, BRUNO & ROGERS, Mr. MITCHELL B. JOHNS, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

LANDLORD, defendant in error, brought action against tenant, plaintiff in error, for forcible entry and detainer in the justice court. From adverse judgment therein appeal was taken by the tenant to the county court and from its adverse judgment review is here sought. We will refer to the parties as they appeared in the trial court.

The leased property consisted of the first floor and basement of a building occupied as a drug and liquor store, under a five-year written lease with term extending to March 1, 1951, wherein lessee covenanted to use said premises for no purpose prohibited by the laws of the United States or the state of Colorado or the ordinances of the City and County of Denver and for no improper or questionable purpose whatsoever, and it was agreed therein that no assent, expressed or implied, to

any breach should be deemed a waiver of any succeeding or other breach, and that in case of default in any of the covenants lessor might declare the term ended and repossess the premises.

There were obligations of lessee other than those above mentioned and charges of violation thereof, but the principal violations charged were selling intoxicating liquor to minors, and on days when the sale of such liquor is prohibited by law, and allowing persons to consume alcoholic beverages on the premises. In view of our conclusion as to the breaches above mentioned, it is unnecessary to consider the others.

In defendant's brief, it first is argued under the heading "forfeiture" that the general principle that contractual provisions for forfeiture are looked upon with disfavor by the courts is applicable to contracts of lease and that evidence justifying a forfeiture must be clear and conclusive. Assuming that this is a correct declaration of applicable legal rules, we find in the record testimony of several witnesses as to frequent, regular and continuing sales of intoxicating liquor by the tenant to minors and on Sundays, and of the consumption of such liquor on the premises to the knowledge of the tenant. While this evidence is contradicted by the testimony of other witnesses, we are not at liberty to substitute our judgment for that of the trier of facts thereon. "It is elementary that the resolution of questions relating to the credibility of witnesses and the weight to be accorded their testimony where it is in conflict, are matters peculiarly and exclusively within the province of the trial court, and its conclusions concerning them ordinarily will not be disturbed on review." *Williams v. Williams*, 110 Colo. 473, at 477, 135 P. (2d) 1016.

It next is contended under the heading of "waiver and estoppel" that the acceptance of rent accruing after the cause of forfeiture, with knowledge of such cause, is a waiver of the right of forfeiture. Again assuming that this is a correct statement of applicable law and assum-

ing that it would in fact bar the termination of the lease upon the other grounds alleged, which we do not deem it necessary to discuss, still the record discloses that the last rental received by the plaintiff was in August 1947, and there is substantial evidence of repeated and regular violation of the lease in the sale of intoxicating liquors to minors and on Sundays and the drinking of such liquors on the premises to the knowledge of the tenant after that time, and subsequent breaches were not waived by receipt of rent.

It does not appear from the record when the action was begun in the justice court, but the complaint was subscribed and sworn to on the 12th day of January, 1948, and after judgment in the justice court the case was filed in the county court on the 4th day of March, 1948. Thereafter, on the 8th day of May, 1948, there was filed in the county court in behalf of plaintiff a motion entitled in the case, the body whereof reads as follows:

· "Comes now the plaintiff above named, by her attorneys, and respectfully moves this Honorable Court for its Order directing the Clerk to pay over unto the plaintiff the sum of Five Hundred Dollars ($500.00) from monies which he now has in his possession and control by reason of payments made to him by the defendant in this cause in regularly monthly installments as rents; and, as grounds therefor, would show:

"(1) That there is now pending in this Court the above entitled cause of action which is brought pursuant to the forcible entry and detained statutes.

"(2) That the suit was commenced in Justice Court No. 1 and is now pending on appeal.

· "(3) That the monies now in the hands of the Clerk of this Court have been paid by the defendant as rent for the premises, which now is the subject of this litigation."

Attached to this motion was a consent to the granting thereof signed by the attorneys for the defendant. On the same day order was entered by the court upon hear-

ing of said motion, "That the Clerk of this Court shall pay unto the plaintiff in this cause the sum of Five Hundred Dollars ($500.00) from the monies now in his possession which have heretofore been paid to him as rentals on the property which is the subject of this litigation." It is contended that the above motion and order, both made after the trial of the case in the justice court and while it was pending in the county court, is a recognition of the tenancy and waiver of notice and reinstates the lease.

It is the general rule that any act done by a landlord, with knowledge of an existing right of forfeiture, which recognizes the existence of the lease is a waiver of the right to enforce the forfeiture. The acceptance of rent accruing before the cause of forfeiture is held not to operate as a waiver of right to forfeit, for the reason that by the acceptance of such payment the landlord does not recognize the continuance of the lease; but where a landlord after violation of the lease has his election to declare the lease at an end or to permit it to continue, the acceptance of rent due thereafter is usually held to constitute an election to waive the forfeiture, and, having made his election, the landlord cannot thereafter rely on the past default as ground of terminating the lease. Where the landlord upon breach of a covenant gives notice of forfeiture and brings an action for possession, his suit presumably constitutes a final election to terminate the lease. The lease being terminated, the landlord is entitled to possession, and neither the landlord nor tenant is further bound by provisions of the lease as to the remainder of its term. However, where the right of the landlord to forfeit the term is disputed by the tenant and he continues in possession pending a determination of the action brought by the landlord to enforce a forfeiture, the tenant is under obligation of payment to the landlord for his possession. If the tenant should succeed in the suit, his obligation is for payment of rent as required by the lease; if the landlord should

prevail, then the obligation of the tenant is for.payment of damages for his wrongful continuance in possession. During the pendency of the action the landlord is entitled to adequate bond for damages due to detention of the premises, and may stipulate with the defendant for payments in lieu of additional bond. This would not constitute a waiver. On the other hand, the landlord may accept payment of back rent under agreement to stop the litigation and recognize the continuance of the term of the lease. This would constitute a waiver. Where payments are made during the pendency of the litigation, and question arises as to whether or not such payments constitute a waiver of asserted forfeiture by the landlord and an agreement for continuance of the lease, the answer must be determined from the circumstances of the case. See, annotations, 109 A.L.R. at p. 1281. The receipt of rental does not necessarily constitute waiver. "The tenant having succeeded in retaining possession of the premises during the pendency of the action, plaintiff was entitled to compensation therefor, and after the benefit had been received by the defendant the plaintiff might reasonably accept such compensation to which he was entitled, without being held to have waived the right of action which he was then prosecuting." *Myers v. Herskowitz,* 33 Cal. App. 581, 165 Pac. 1031.

In the situation before us the tenant, during the pendency of the action, as appears from the petition and order, which is all the evidence before us, had made payments of rent to the clerk of the court. It does not appear whether they represented rent accruing after, or prior to, the alleged defaults, or whether they had been so made under court order as in lieu of larger bond for the protection of plaintiff, or whether they had been made by stipulation of the parties, or whether they had been voluntarily made by the tenant. The very fact that the payments were made from month to month to, and accepted by, the court in which the action was pending

**44**

without dismissal of the action would establish almost conclusively that they were made either by stipulation or by order of court as in lieu of bond for the protection of the landlord pending the litigation, and not as an intended waiver of default and recognition of the continuance of the lease. The court did not err in finding that there was no waiver.

It is further contended that defendant admitted only one violation of the law and that a single violation would not constitute a use prohibited under the terms of the lease but that it would require repeated, continuous and habitual violation to constitute such an illegal use. Again, assuming this to be a correct statement of the law, there was substantial testimony in the evidence of such repeated and habitual use, and the fact that defendant admitted only one violation did not require the court to find such to be the case. There was sufficient evidence to support the conclusion that defendant made a business of selling intoxicating liquor contrary to law.

It finally is contended that the court erred in overruling defendant's motion for continuance, and forcing him to trial, and in overruling defendant's motion for new trial. The motion for continuance is not mentioned in the abstract, nor does the brief recite even by reference to the original record the facts upon which the motion was based. Neither is there set out in the abstract the motion for new trial, nor the substance of the affidavits or asserted facts upon which it was based; accordingly, neither of these questions is properly before us for consideration. In the reply brief, and in the brief on rehearing, further questions are argued, but they are not properly before the court and a careful study of the record convinces us they are without merit. Accordingly, we deem it unnecessary to discuss them.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE HOLLAND dissent.