Kᴀᴛʜʀʏɴ L. Bᴇᴄᴋ *v.* Jᴏʜɴ Gɪᴏʀᴅᴀɴᴏ, ᴇᴛ ᴀʟ.
(356 P. [2d] 264)

Decided October 31, 1960.

Messrs. Jᴏʜɴsᴏɴ & Cᴀɪɴ, Mr. Hᴏᴡᴀʀᴅ Mɪʟʟᴇʀ, for plaintiff in error.

Mr. Dᴀᴠɪᴅ B. Rɪᴄʜᴇsᴏɴ, Mr. Hᴀʀʀʏ J. Kᴀʜʟᴇʀ, for defendants in error.

*In Department.*

Per Curiam.

Plaintiff in error was the defendant, and defendants in error were the plaintiffs in the trial court and we will so refer to them.

On September 8, 1953, the plaintiffs leased the premises located at 8330 W. Colfax Avenue, Lakewood, Colorado, with parking accommodations, to the defendant for a term of five years with privilege to extend annually for five additional years, for a total rental of $8,850.00, payable monthly at the rate of $125.00 for the first six months, and $150.00 monthly thereafter.

Pursuant to the terms of the lease the defendant entered upon the premises and spent several thousand dollars in making alterations to the building and installing restaurant equipment. She paid her rent promptly and operated a restaurant on the premises for nearly five years with no apparent disagreement or hostility between her and plaintiffs.

Between June 15, 1958, and July 5, 1958, for a period of 20 days the defendant permitted her son and another boy to operate a fireworks stand on the leased premises without the consent and over the protest of the plaintiffs. Plaintiffs on July 17, 1958, brought suit to terminate the lease, alleging that the defendant had (1) increased the fire hazard on the premises, (2) molested other tenants of the plaintiffs, (3) caused the cancellation of fire insurance on the property and (4) used the premises for purposes other than a restaurant, contrary to the terms of the lease.

The trial court, sitting without a jury, found against the plaintiffs on their first three contentions and we find no reason to disagree with these findings. The trial court found for the plaintiffs on the fourth contention, that of using the premises for purposes other than a restaurant, and ordered the lease terminated.

The pertinent provision of the lease in regard to use of the premises is, "To occupy the same as a restaurant."

No other words of limitation are used in the lease and it therefore becomes our duty to determine the legal effect of these words in the light of the admitted fact that the defendant permitted a fireworks stand to be operated on the leased premises for twenty days in 1958.

The general law in such cases appears to be as follows: "A provision in a lease authorizing the use of the premises for a specified purpose or stating that they are to be used for such a purpose is generally regarded as permissive, rather than restrictive, and does not limit the use of the premises by the lessee to such purpose, nor impliedly forbid that they be used for a similar lawful purpose which is not injurious to the landlord's rights or not otherwise expressly forbidden." 32 Am. Jur. 191. In Colorado this rule has been supplemented by a holding that forfeitures are looked on with disfavor, and stipulations in leases will be construed strictly against the party invoking them. *Murphy v. Traynor,* 110 Colo. 466, 135 P. (2d) 230, 145 A.L.R. 1059.

Four decisions of this court involving alleged breaches of the terms of leases have been called to our attention. In two of them it was held that the lease had been breached and should be terminated, in two that there was no breach justifying termination. In *Hughes v. Pallas,* 84 Colo. 14, 267 Pac. 608, the premises had been leased, "For the purpose of conducting the business of a restaurant and cigar store; and for no other business." The lessee permitted the Methodist Church, the Salvation Army and others to hold rummage sales on the premises for one day each. Notwithstanding the restrictive words, "and for no other business," it was held that the rummage sales did not constitute "Business," hence no breach occurred. In *Murphy v. Traynor,* supra, it was shown that one illegal sale of liquor had been made on the leased premises, although by the lessee's employee without his knowledge or authority. This was held not sufficient to justify a forfeiture of the lease. However, in *Merkowitz v. Mahoney,* 121 Colo. 38, 215 P.

(2d) 317, the lessee had made a business of selling liquor contrary to law, and it was held that an eviction was proper by an action in forcible entry and detainer. *Union Oil Company v. Lindauer,* 131 Colo. 138, 280 P. (2d) 444, involved the leasing of land, part for livestock grazing and part for farming. The lease provided that if the lessees should permit grazing of the land by livestock of third parties such livestock must be within the exclusive control of the lessees. The lessees permitted sheep and cattle to be grazed on the premises, in violation of the terms of the lease, and a forfeiture was adjudged.

The act of defendant in permitting her son and another boy to operate a fireworks stand on the restaurant property for twenty days during one year out of five was not sufficiently grave to authorize a termination of the lease. In this particular case no additional fire hazard was created, no other tenants were molested and no insurance was cancelled because of her acts. To terminate the lease would terminate a restaurant business in which the defendant had invested thousands of dollars and nearly five years of her time — a business which she had reason to expect to continue for another five or more years.

Plaintiffs cite *In Re Murphy's Estate,* 191 Wash. 180, 71 P. (2d) 6, in support of their contention that a wilful violation of the terms of a lease will amount to a breach. We note, however, that the court there observed that the violation must not only be wilful, but substantial.

In the case at bar the defendant's act, though wilful, was not *ipso facto* a violation of the terms of the lease, for it was not specifically prohibited.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the action.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.