570 P.2d 292

**Tony SCHLEGEL, Plaintiff-Appellant,**

v.

**Tom L. HANSEN and Jane Hansen, husband and wife, Defendants-Respondents.**

**No. 11880.**

Supreme Court of Idaho.

Oct. 12, 1977.

Gary L. Morgan, Caldwell, for plaintiff-appellant.

Phillip M. Barber of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-respondents.

DONALDSON, Justice.

This case involves the interpretation of a leasehold agreement. In December of 1971, plaintiff-appellant Tony Schlegel entered into a "Farm Lease and Option" with the

defendants-respondents, Hansens. The lease was for three years, 1972, 1973 and 1974, and providing a total rental of $9,900 with $3,300 due the first of each year. The lease also granted Schlegel an option to purchase the property on January 1, 1975 for $40,000.

In 1972, Schlegel made a timely payment of his rent. However, in 1973 he did not pay until April 10. He made an additional $100 interest payment at this time to compensate the Hansens for his delinquent payment. During this time Schlegel farmed and grazed the land. He also installed a sprinkler system which he had leased with an option to buy.

In 1974, Schlegel was again late with his rent payment. Schlegel handed a check to the Hansens on March 15, but it was never presented to Schlegel's bank for payment. Schlegel contends that he made the check out on January 10, but held it until he could personally deliver it to the Hansens. He further contends that despite attempts on his part to contact the Hansens, such a meeting was not had until March 15.

There is no evidence in the record that the Hansens made any demands upon Schlegel for a timely payment. After Schlegel had delivered the check for the 1974 rent, on April 14, 1974, the Hansens reentered the premises and began plowing the pasture.

Clause VI of the lease provides:

"It is understood and agreed between the parties hereto that in the event of the failure of the lessee to make the lease payments as set out herein within thirty (30) days of the due date, the entire annual rental shall become immediately due and payable, and the lessee shall deliver up possession of the above described premises to the lessors peaceably and without resort to court action."

Before the reentry, no notice was given to Schlegel. At that time, the Hansens informed Schlegel that the lease was terminated on account of Schlegel's failure to make timely payment of the 1974 rent.

Schlegel filed this suit on May 1, 1974 in the district court, seeking the declaration of his rights under the lease, and specifically urging the court to find that he has a right to exercise his option to purchase the premises.

While the action was pending and trial set for January 2, 1975, Schlegel in a letter dated December 24, 1974, notified the Hansens that he exercised his option to purchase the realty. This was a timely offer as set out in the lease. The Hansens ignored Schlegel's letter.

The district court dismissed the action at the end of plaintiff's case-in-chief, for failure to prove a cause of action pursuant to I.R.C.P. 41(b). This appeal followed.

The district court in ruling upon the Hansens' 41(b) motion focused on the issues of estoppel and notice. The court concluded that the Hansens had not waived their right to a timely rental payment and that notice was not a condition precedent to their repossession of the leasehold.

The district court did not address what we believe to be the threshold issue in this appeal, whether the Hansens were legally entitled to forfeit the lease on the above facts.

■ We start with several tenets that have received consistent endorsement. Forfeiture is not favored by the courts, and provisions permitting forfeiture will be strictly construed. This is true in land sale contracts, *Dohrman v. Tomlinson,* 88 Idaho 313, 399 P.2d 255 (1965); as well as in leaseholds, *Murphy v. Traynor,* 110 Colo. 466, 135 P.2d 230 (1943).

■ Because of the reluctance of courts to abrogate a lessee's rights under a lease, the rule has evolved that the right to forfeit must be clearly stipulated. *Olson v. Pedersen,* 194 Neb. 159, 231 N.W.2d 310 (1975); *Chopot v. Foster,* 51 Wash.2d 406, 318 P.2d 976 (1957).

At trial the defense counsel argued that the lease provided for a default and forfeiture. However, the lease does not contain any language which legally sustains a construction that forfeiture was a remedy

granted to the Hansens. Clause VI of the lease only provides that in case of a missed rent payment, the "lessee shall deliver up possession of the above described premises to the lessors peaceably and without resort to court action." If Schlegel was delinquent with his rent payment, this provision would allow the Hansens to demand peaceable repossession of the property until the payment was made. However, even this provision does not eliminate any notice requirements.

■ Hansens assert that Schlegel had abandoned the property and therefore notice was not necessary. The pleadings and record prove contra. The Hansens' counterclaim specifically alleges that Schlegel was in possession until the first of March 1974. Schlegel answered that he was in possession into March. In the fall of 1973 Schlegel prepared for the coming year 1974 by reseeding a part of the pasture on the north side of the road (80 acres) and planted hay on 20 acres on the south side. He also established a budget for the 1974 farm year with the Farmers Home Administration. No abandonment can be found on these facts.

The Idaho Unlawful Detainer Statute, I.C. § 6–303, governs a landlord's remedies in the case of a missed rent payment. That statute requires notice be given the lessee who must thereafter within three days tender the rent due or face remedies. Interpretations of statutes like this have held "a landlord may not, without the express consent of a tenant, repossess his property without resorting to remedies provided in those statutes." *King v. Firm,* 3 Utah 2d 419, 285 P.2d 1114, 1118 (1955).

■ Having concluded that Schlegel's failure to make a timely rental payment did not work a forfeiture, the case takes on an entirely different complexion from that perceived by the district court. Without a forfeiture or termination, Schlegel's breach of covenant could not abrogate his rights under the lease, including his option to purchase.

We hold it was error for the trial court to grant the 41(b) motion at the end of Schlegel's case-in-chief because there was no forfeiture provision in the lease. We remand to the trial court for a new trial.

Reversed. Costs to appellant.

BAKES and BISTLINE, JJ., and SCOGGIN, District Judge, Retired, concur.

SHEPARD, J., dissents without opinion.