STATE of Oklahoma, ex rel. OKLAHOMA STUDENT LOAN AUTHORITY, Appellant,

v.

Lee Ann AKERS, f/k/a Loretta A. Draper, Defendant,

Larry K. Hayes, Appellee.

No. 82276.

Court of Appeals of Oklahoma, Division No. 1.

May 9, 1995.

Certiorari Denied July 13, 1995.

Susan Brimer Loving, Atty. Gen., Kenneth M. Yates, Asst. Atty. Gen., Oklahoma City, for appellant.

Raymond D. Munkries, Oklahoma City, for appellee.

### MEMORANDUM OPINION

JOPLIN, Judge:

Appellant State of Oklahoma, ex rel. Oklahoma Student Loan Authority (OSL) seeks review of the trial court's order granting summary judgment to Appellee Larry K. Hayes (Hayes) in OSL's action to recover on a defaulted student loan. Inasmuch as the trial court held OSL's claim against Hayes stands barred by laches, we find the trial court erred; accordingly, we hold the trial court's order granting summary judgment to Hayes should be reversed and the cause remanded for further proceedings.

Between 1979 and 1981, Defendant Lee Ann Akers, formerly known as Loretta A. Draper, obtained seven student loans and executed promissory notes. Hayes signed the notes as "co-maker." In 1984, Defendant defaulted on the notes, and in 1985, OSL contacted Hayes, advised him of the default, and sought information of Defendant's current whereabouts, but Hayes could not help. In 1990, OSL corresponded with Hayes in an attempt to establish a repayment schedule.

In 1991, having received no satisfaction of the debt, OSL commenced the present action against Defendant and Hayes to collect on the notes. OSL obtained service on Defendant, but Defendant did not appear or answer. Hayes answered, denying liability generally, and asserting *inter alia* a bar to OSL's claims by statute of limitations and laches. OSL eventually obtained default judgment against Defendant for principle and interest owing on the notes, as well as for attorney fees and costs.

OSL then filed a motion for summary judgment as against Hayes, asserting the uncontroverted evidence showed Hayes' status as a co-maker on the notes, jointly and severally liable thereon with Defendant. Hayes responded, objecting to summary judgment, and again asserted bar to OSL's claim by statute of limitations and laches. In support of his objection, Hayes submitted his affidavit attesting that he did not learn that OSL expected repayment from him until 1990, that he subsequently learned that Defendant had changed her name and had filed bankruptcy, and that to the best of his knowledge, OSL had not appeared at the Defendant's bankruptcy to object to Defendant's discharge.

Upon consideration of the parties' filings, the trial court, without oral argument, granted judgment to Hayes finding no controversy of material fact, no bar to OSL's claims by statute of limitations, but that OSL's claims did in fact stand barred by laches. From this ruling, OSL now appeals.

OSL is a state agency, operating under the trust authority of statute. 60 O.S. 1991 §§ 176 et seq., 70 O.S.1991 §§ 695.1 et seq. As a public trust enforcing public rights in the recovery of state funded educational loans, neither the statute of limita-

tions nor the equitable doctrine of laches poses a bar to claims asserted by OSL. *Oklahoma City Mun. Imp. Authority v. HTB, Inc.,* 769 P.2d 131 (Okla.1988). As the Oklahoma Supreme Court noted:

> [S]tatutes of limitation shall not bar suit by any government entity acting in its sovereign capacity to vindicate public rights, and that public policy requires that every reasonable presumption favor government immunity from such limitation.
>
> .    .    .    .    .
>
> [Moreover,] public rights should not be prejudiced by the tardiness of officials to whom those rights are entrusted. *State ex rel. Cartwright v. Tidmore,* 674 P.2d 14, 16 (Okl.1983).

*Oklahoma City Municipal Improvement Authority,* 769 P.2d at 134, 137.

Under this authority, we find that when OSL seeks to enforce student loan obligations, it does so as an agent of the state to collect public trust funds, and as a trustee of public funds, OSL operates to enforce public rights against which the statutes of limitation or laches pose no bar. Attorney General Op. 90–23; *Oklahoma City Municipal Improvement Authority,* 769 P.2d at 134, 137; *State ex rel. Cartwright,* 674 P.2d at 16. We therefore conclude the trial court erred in holding OSL's claim barred by laches.

Hayes in the present case asserts the defense of estoppel, closely related to laches, nevertheless applies to defeat OSL's legal action on notes. *See, e.g., W.R. Grimshaw Co. v. First Nat'l. Bank & Trust Co. of Tulsa, Oklahoma,* 563 P.2d 117 (Okla.1977); *Central Nat'l. Bank & Trust Co. of Enid, Oklahoma v. Community Bank & Trust Co. of Enid, Oklahoma,* 528 P.2d 710 (Okla.1974). However, we find that "a state and its subdivision *cannot be estopped* from protecting public rights when public officials have acted erroneously or failed to act. *Layne–Western Co. v. City of Depew,* 177 Okl. 338, 59 P.2d 269 (1936)." *State of Oklahoma ex rel. Cartwright v. Dunbar,* 618 P.2d 900, 905 (Okla. 1980). (Emphasis added.) We therefore likewise find no bar to OSL's action against Hayes by estoppel.

The order of the trial court granting summary judgment to Hayes is therefore REVERSED and the cause REMANDED for further proceedings.

CARL B. JONES, J., concurs.

HANSEN, P.J., concurs by reason of stare decisis.