2001 OK CIV APP 118

**BROKEN ARROW PARTNERSHIP, Plaintiff/Appellant,**

v.

**PBC INVESTMENT OPPORTUNITIES, INC., d/b/a Alternative Therapy, and Dennis R. Cousino, Defendant/Appellees.**

No. 95,305.

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 4, 2001.

As Corrected Sept. 18, 2001.

Jody R. Nathan, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Appellant.

Ronald L. Wallace, Oklahoma City, OK, for Appellee.

REIF, Vice Chief Judge:

¶ 1 This appeal arises from a forcible entry and detainer proceeding brought by Landlord, Broken Arrow Partnership, to recover premises leased to Tenant, PBC Investment Opportunities, Inc. The case began March 7, 2000, with the filing of a small claims affidavit that generally stated "the defendant [Tenant] is wrongfully in possession of [the prem-

ises and] the plaintiff [Landlord] is entitled to possession thereof." Tenant filed an answer March 14, 2000, contending the right to continued possession based on the parties' written lease and complete timely payment of rent.

After the answer, the small claims court transferred the case to a district court docket believing it was an ejectment action. On April 11, 2000, Landlord filed its motion for remand back to the small claims court. The motion for remand clarified the basis of Landlord's recovery by stating that Tenant "breached the lease agreement by . . . failing to operate its business [Alternate Therapy & Massage] in compliance with all applicable laws as is specifically required by the lease [in that] in November of 1999, an employee of Alternative Therapy was arrested for soliciting a lewd act upon an undercover police officer." The district court granted the motion to remand. After remand to small claims, and the granting and vacation of a default judgment, the small claims court granted a summary judgment in favor of Tenant on August 30, 2000.

¶ 2 Tenant based its motion for summary judgment on certain undisputed facts and the express language of the lease. In particular, Tenant stressed (1) "Landlord has continuously accepted lease payments under said lease and the [Tenant] . . . is current on its lease payments," (2) "Landlord's true claim to possession arose from [one] arrest that occurred involving [an employee] on November 10, 1999, [but] her business relationship with [Tenant] was immediately terminated on November 11, 1999," (3) "[t]he lease . . . provides . . . a tenant's material breach of a covenant shall be cured within ten (10) days after the notice thereof by Landlord," and (4) "Landlord never gave any notice to [Tenant] to cure any material breach prior to the filing of this action [including] failure to operate its business in material compliance with all applicable laws."

¶ 3 In its response to the motion for summary judgment, Landlord acknowledged that it based its recovery of the premises on Tenant's failure to conduct its business operations in material compliance with all applicable laws, focusing on the arrest of November 10, 1999. However, Landlord also sought recovery of the premises based on a number of citations issued by the Tulsa Police Department to Tenant's massage business and several employees on April 25, 2000. Landlord stressed that these citations were further proof of Tenant's failure to conduct its business in compliance with the law. Landlord also stressed that the lease identified certain breaches for which notice and cure were required, but that breach of the provisions relating to the lawful use of the premises did not provide for notice and cure before default could be declared and enforced.

¶ 4 In granting summary judgment to Tenant, the trial court took note of the November 10, 1999, arrest, but did not mention the citations issued April 25, 2000. The court also took note of the provisions in the lease that stated, "Tenant shall not use, nor permit the use of anything in the Leased Premises . . . for any unlawful purpose or in any unlawful manner" and that declared a default when "Tenant fails to operate its business in material compliance with all applicable laws."The court also referred to two other provisions that stated default can be declared where a breach "shall not have been cured within ten (10) days after notice" and that Landlord's remedies arise "[u]pon the occurrence of any event of default by Tenant, and the failure by Tenant to remedy such default within the time permitted." The trial court concluded that the notice provisions were not clear and should be construed against Landlord, because Landlord drafted the lease. The court held that Landlord could not recover the leased premises, notwithstanding the undisputed fact they had been used for an unlawful purpose and in an unlawful manner, because Landlord had not given Tenant notice of this breach/default and opportunity to cure.

¶ 5 Landlord sought to vacate this judgment within thirty days of its filing and transmittal to the parties. Landlord asserted that the trial court (1) lacked jurisdiction to grant the summary judgment because the prior default judgment had not been properly vacated; (2) erred by treating the provisions relating to lawful use of the premises as "covenants" (arguably covered by notice)

rather than conditions, the breach of which carries an automatic consequence; and (3) misinterpreted the lease to require notice and opportunity to cure unlawful use of the premises for lewdness, because public policy and criminal law prohibit an owner from leasing or renting premises "with knowledge or reasonable cause to believe that the intention of the lessee or rentee is to use such place . . . for prostitution, lewdness or assignation." Landlord also argued that acceptance of rental payments pending this dispute was not a waiver of the default or right to recover the premises.

¶ 6 Landlord also filed this appeal on the same day that it filed the motion to reconsider/motion to vacate. Following the denial of its motion to reconsider/motion to vacate on October 17, 2000, Landlord filed an amended petition in error for review of the order denying the motion to reconsider/motion to vacate. The record on appeal reflects that Tenant did not file a response to either the initial petition in error or the amended petition in error, despite notice by the Oklahoma Supreme Court on December 1, 2000, to correct this failure. Due to the default by Tenant, this court will proceed to decide the issues tendered by the petition in error and amended petition in error, and will not search the record for matters that support the summary judgment, the denial of the motion to reconsider/motion to vacate, or the award of attorney fees to Tenant.

¶ 7 In reviewing the lease, the evidentiary materials submitted on summary judgment, and the applicable law, we must agree with Landlord that the lease did not provide or contemplate notice and cure for a breach or default based on unlawful use of the premises and failure to conduct Tenant's business in material compliance with all applicable laws. We further find evidentiary materials and applicable law to support Landlord's right to terminate the lease and recover the premises.

¶ 8 Our research revealed only one Oklahoma case addressing a landlord's right to terminate a lease where the premises were used for an unlawful purpose specifically prohibited by the lease. *Street v. Tull*, 1913 OK 124, 134 P. 871, involved the termination of a lease between the landlord and the principal tenant where a subtenant used the property in a way prohibited by the lease and prohibited by statutory law. The Oklahoma Supreme Court reversed the termination of the lease because the principal tenant was unaware of the prohibited and unlawful use by the subtenant and because the principal tenant had not "actively or passively permitted the same to take place." *Id.* at 872. Clearly, it was lack of knowledge of the unlawful use on the part of the tenant that prevented the termination and not any reluctance by the Oklahoma Supreme Court to allow termination for unlawful use of leased premises in cases where knowledge by the tenant is shown.

¶ 9 In the instant case, Tenant admitted knowledge of the November 1999 arrest of an employee for soliciting a lewd act. Despite the effort by Tenant to portray this as an isolated breach that was immediately cured, the summary judgment record shows that Tenant's massage business was not being conducted in accordance with applicable laws governing massage businesses and involved unlawful use of the premises for lewd acts. Significantly, Tenant did not controvert the fourteen citations issued by the police on April 25, 2000, or the narrative accounts by the officers in the reports that accompanied the citations. Interestingly, one report recounts that the individual defendant herein, who admits to being the president and sole shareholder of the corporate tenant, came to the premises before the police had completed their inspection and investigation of violations. This report states that the guarantor/president/sole shareholder offered an explanation for the absence of the licensed massage therapist, but could not remember the name of this absent employee.

¶ 10 The summary judgment record shows no dispute that Tenant (1) used and permitted the use of the leased premises for unlawful purposes in violation of lease provision 5(f)(ii); (2) failed to operate its massage business in material compliance with all applicable laws in violation of provision 10(h); and (3) did not "at all times during the term of the Lease . . . [u]se, maintain and occupy the Demised Premises in a . . . lawful manner" in

violation of provision No. 1 in the Rules and Regulations portion of the Lease. Given the fact that on two occasions—November 10, 1999, and April 25, 2000—violations involved solicitation of a lewd act and two actual lewd acts, such violations must be regarded as breach of material *conditions* that required no notice and opportunity to cure. We so hold, because Landlord was prohibited by public policy and criminal law from continuing the lease having "knowledge or reasonable cause to believe that the intention of the lessee … is to use such place … for … lewdness." *21 O.S.1991 § 1028* (b). *See also 15 O.S.1991 § 211.*

¶ 11 In holding that no "cure notice" was required, we do not suggest that Landlord could proceed to terminate the lease and recover the premises without any notice at all. We regard Landlord's institution of the forcible entry and detainer proceeding as sufficient notice that Landlord was invoking its right to terminate and recover the premises. This afforded sufficient opportunity for Tenant to offer any good cause it might have to avoid the termination and loss of the premises.

¶ 12 We are cognizant that when this proceeding was instituted by Landlord on March 7, 2000, Landlord had knowledge of just a single violation of the conditions prohibiting unlawful use of the premises and requiring operation of Tenant's business in material compliance with all laws. In addition, it appears that Landlord accepted rent after the violation on November 10, 1999. "It is the general rule that any act done by a landlord, with knowledge of an existing right of forfeiture, which recognizes the existence of the lease is a waiver of the right to enforce the forfeiture." *Merkowitz v. Mahoney,* 121 Colo. 38, 215 P.2d 317, 320 (1949). Specifically, "where a landlord after violation of the lease has his election to declare the lease at an end or to permit it to continue, the acceptance of rent due thereafter is usually held to constitute an election to waive the forfeiture, and, having made his election, the landlord cannot thereafter rely on the past default as [a] ground [for] terminating the lease." *Id.* Accord *Zotalis v. Cannellos,* 138 Minn. 179, 164 N.W. 807 (1917).

¶ 13 The problem with applying this rule to the instant case lies in the fact that there is no showing that Landlord had "knowledge of an existing right of forfeiture" based on the November 10, 1999, arrest prior to instituting this forcible entry and detainer proceeding.

¶ 14 We think the instant case comes within the other circumstance covered by this rule:

> Where the landlord upon [knowledge of] breach of a covenant gives notice of forfeiture and brings an action for possession, his suit presumably constitutes a final election to terminate [and] where the right of the landlord to forfeit the term is disputed by the tenant and he continues in possession pending a determination of the action brought by the landlord to enforce a forfeiture, the tenant is under obligation of payment to the landlord for his possession.

*Merkowitz,* 215 P.2d at 320. In addition, we find the circumstances of the instant case to also come within the continuing-violation-of-the-condition rule set forth in the *Zotalis* case, which will likewise prevent the acceptance of rent from having the effect of a waiver. *Zotalis,* 164 N.W. at 808.

¶ 15 In the *Merkowitz* case, the tenant contended that he "admitted only one violation of the law and that a single violation would not constitute a use prohibited under the terms of the lease." The Supreme Court of Colorado assumed that the single-violation-rule was a correct statement of Colorado law and, indeed, it was under *Murphy v. Traynor,* 110 Colo. 466, 135 P.2d 230 (1943); however, the supreme court upheld the termination of the lease, because "there was substantial testimony in the evidence of … repeated and habitual use, and the fact that defendant admitted only one violation did not require the court to find such to be the case." *Merkowitz,* 215 P.2d at 321.

¶ 16 We find *Merkowitz* to be strongly persuasive in all respects, except the single-violation-rule. We think that it is the nature of the act that violates the lease and the consequences of the act that are determinative of the landlord's right to terminate

and recover the premises. In this regard, we agree with the supreme court of Minnesota that: "The violation of a condition in the lease cannot be said to be trivial [even if just once] when the violation is of such a character that the lessor may be subjected to a criminal prosecution on account thereof." *Zotalis*, 164 N.W. at 808. We also agree with the observations of the supreme court of Virginia that "it matters not that repeated unlawful acts have not been proved. The lease proscribes engagement in [ANY] unlawful business on the leased premises whether on one occasion or many." *Newport News Redevelopment & Housing Auth. v. Hunter*, 219 Va. 629, 249 S.E.2d 185, 187 (1978). The court gave a very sound reason for this rule: "[A landlord] has no duty to provide premises which serve as a base for criminal activity." *Id.* at 186.

¶ 17 The case of *Gerard v. Young*, 20 Utah 2d 30, 432 P.2d 343, 343 (1967), arose from an "[a]ction for termination of a café lease where allegedly gambling was being conducted, and where the [trial] court found this to be true, and a violation of a condition in the lease." The supreme court of Utah affirmed a summary judgment in favor of the landlord on the issue of termination of the lease but remanded "to take evidence, if necessary, to assess damages." *Id.* at 344. The summary judgment had been granted on the basis of "sworn affidavits pointing to gambling, which affidavits [the tenant] refused to deny categorically." *Id.* at 343. As the concurring opinion in *Gerard* stressed: "To this day [on appeal] the [tenant] has never said that there was no payoff or gambling in his café, and if he is going to remain in court, under our Rules of Civil Procedure he must make an issue of that fact." *Id.* at 346.

¶ 18 In the instant case, Tenant similarly did not deny or in any way controvert the occurrence of the unlawful acts reflected in the citations and police reports that accompanied the citations. "If ... there is no substantial controversy as to any material fact and ... one of the parties is entitled to judgment as a matter of law ... judgment [shall be rendered] to said party whether or not he is the moving party." District Court Rule 13(e), 12 O.S. Supp.2000, ch. 2, app. Although not the moving party, Landlord was entitled to summary judgment as a matter of law for the uncontroverted violations of material conditions of the lease by Tenant's failure to forbid use of the premises for "*any* unlawful purpose or in *any* unlawful manner," and by Tenant's "fail[ure] to operate its business in material compliance with all applicable laws." (Emphasis added.)

¶ 19 Based on the foregoing, we hold that the trial court erred in granting summary judgment in favor of Tenant, and further erred in refusing to vacate that summary judgment upon a timely "term-time" motion to vacate by Landlord. We vacate the order denying the motion to vacate and remand with directions to grant the motion to vacate. Thereupon, the court is directed to vacate the summary judgment and the award of attorney fees and costs to Tenant. The court is further directed to enter summary judgment in favor of Landlord.[1]

---

1. We are cognizant that *Patterson v. Beall*, 2000 OK 92, ¶ *26*, 19 P.3d 839, 845–46, held that "motions for summary judgment under Rule 13 are inconsistent with the purpose of the Small Claims Procedure Act—the efficient and prompt disposition of claims—and are not applicable in small claims actions." However, a number of reasons lead us to conclude that *Patterson* does not preclude the summary judgment at issue in this case nor this court's application of Rule 13 in deciding this appeal. First, this case is not a true small claims case. The case was transferred to a district court docket for a period of time and, during that time, the parties conducted discovery. Second, it was Tenant that moved for summary judgment on the basis of discovery that was conducted while the case was on the district court docket. Third, both the trial court's order sustaining Tenant's motion for summary judgment filed August 30, 2000, and its order denying Landlord's motion to reconsider/motion to vacate filed October 17, 2000, precede the Oklahoma Supreme Court's decision in *Patterson* on November 14, 2000. Fourth, notwithstanding *Patterson*, the Oklahoma Supreme Court assigned this appeal to this court for review pursuant to Supreme Court Rule 1.36, 12 O.S. Supp. 2000, ch. 15, app. 1, governing appeals from summary judgments in cases in which the motions were filed under District Court Rule 13 after October 1, 1993. Fifth, Tenant has raised no objection to review of this case as a summary judgment and, in fact, is in default to offer any response on appeal despite notice to do so on December 1, 2000.

¶ 20 VACATED AND REMANDED WITH DIRECTIONS.

¶ 21 GOODMAN, P.J., and COLBERT, J., concur.