2003 OK CIV APP 75

**The STATE of Oklahoma, ex rel. OKLAHOMA STATE EMPLOYMENT COMMISSION, Plaintiff/Appellant,**

v.

**Darrell K. THOMPSON, Defendant/Appellee.**

**No. 99,286.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 11, 2003.

David T. Hopper, Oklahoma City, OK, for Plaintiff/Appellant,

Opinion by CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, Oklahoma Employment Security Commission (Commission), brings this appeal from the trial court's order granting Defendant/Appellee Darrell K.

Thompson's (Thompson) Motion to Dismiss.[1] The appeal is submitted without appellate briefing in accordance with the accelerated procedure under Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.2001, Ch.15, App. We hold the trial court erred in dismissing the action as barred by limitation.

¶ 2 Commission filed its Petition initiating this action on February 6, 2003. The Petition alleged Thompson was indebted to Commission in the amount of $968.82 by reason of receiving unemployment benefits "to which he or she (sic) was not entitled, by reason of a false statement or representation or a failure to disclose a material fact on the part of [Thompson]." More specifically, Commission alleged Thompson drew unemployment benefits for the weeks ending August 15, August 29, and September 5, all in 1987, although he was working during the claimed periods. The Petition further states Commission made an administrative determination of overpayment on April 28, 1988, and that Thompson was mailed a copy of the determination with advice of his appeal rights. Demand for payment had been made, on some unspecified date, but no payment was made.

¶ 3 On March 4, 2003 Thompson moved to dismiss the action "because the Petition fails to state a claim for which relief can be granted as [Commission's] claim is barred by the Statute of Limitations in 12 O.S. § 95." In its Response to Defendant's Motion to Dismiss, Commission argued § 95 is inapplicable against the State "when it is acting in its sovereign capacity to enforce a public right", citing *State of Oklahoma ex rel. Jan Eric Cartwright v. Tidmore*, 1983 OK 116, 674 P.2d 14. The trial court granted Thompson's Motion to Dismiss without specific findings or other explanation. Commission brings this appeal from that order.

¶ 4 Commission contends here the trial court "ignored the law" in dismissing its action. We agree. In *Tidmore*, cited by Commission in support of its opposition to the Motion to Dismiss, the Supreme Court

---

1. Thompson failed to file a Response to the Petition in Error as required by Supreme Court Rule 1.36(e). Normally, where there is such a default, we would not search the record for matters that support the dismissal, *See, Broken Arrow Partnership v. PBC Investment Opportunities, Inc.*, 2001 OK CIV APP 118, 33 P.3d 694, but the record here is so limited such sanction is of no consequence.

noted, "[w]e have long-recognized the general rule that statutes of limitations do not operate against the state when it is acting in its sovereign capacity to enforce a public right." *Tidmore*, at 15. The *Tidmore* Court then explained the "test is whether the right is such as to affect the public generally or merely affects a class of individuals."

¶ 5 The Oklahoma Supreme Court addressed a question similar to the one before us in *State ex rel. Oklahoma Employment Security Commission v. Eddie*, 195 Okla. 26, 154 P.2d 763 (1944). There, in an action filed in 1942, Commission sought to recover employer contributions to the unemployment fund due in 1936 and 1937. The trial court, akin to what the trial court did here, held the action was barred by limitation pursuant to 12 O.S.1941 § 95 and Commission appealed.

■ ¶ 6 In determining if the suit was brought in the State's sovereign capacity, the *Eddie* Court looked to the Legislature's stated purpose for enacting the unemployment compensation law. The statutory statement of public policy on which the Court in *Eddie* relied was substantially the same as the following statement contained in 40 O.S.1981 § 1–103:

> ... The Legislature, therefore declares that in its considered judgment *the public good, and the general welfare of the citizens of this state* require the enactment of this measure, under the *police power of the state* for the establishment and maintenance of free public employment offices and for the compulsory *setting aside of unemployment reserves* to be used for the benefit of persons unemployed through no fault of their own. (Emphasis added).

¶ 7 The *Eddie* Court noted it was unaware of any authority holding that a state acting in the exercise of its police power acted other than in a sovereign capacity. The Court concluded Commission, in seeking to recover the payment of overdue contributions, was acting in a sovereign capacity, and the gener-

al statute of limitations in 12 O.S.1941 § 95 thus did not apply.

¶ 8 The "unemployment reserves" to be used for the benefit of unemployed persons, recognized in *Eddie* as being for the general welfare of the citizens of this State, are as much implicated here as there. Failure to recoup funds inappropriately or improperly paid as benefits results in lessened reserves to provide for those who are legally entitled and in need of assistance. The Legislature has recognized this need, and has provided authority for recovery and recoupment from:

> Any individual who, by reason of a false statement or representation or failure to disclose a material fact ..., has received any sum as benefits to which he or she was not entitled ... 40 O.S.1981 § 2–613.

■ ¶ 9 Public policy requires that every reasonable presumption favor government immunity from limitation. *Oklahoma City Municipal Improvement Authority v. HTB, Inc.*, 1988 OK 149, 769 P.2d 131. The Court of Civil Appeals also recognized this principle in *State ex rel. Oklahoma Student Loan Authority v. Akers*, 1995 OK CIV APP 75, 900 P.2d 468, and held, at 470:

> ..., we find that when [Oklahoma Student Loan Authority] seeks to enforce student loan obligations, it does so as an agent of the state to collect public trust funds, and as a trustee of public funds, OSL operates to enforce public rights against which the statutes of limitations or laches [2] pose no bar.

¶ 10 The well established premise for the rules upon which we base our determination here was set out by our Supreme Court in *White v. State*, 50 Okla. 97, 150 P. 716 (1915). The Court, at 718, restated "the great principle of public policy that the public interest shall not be prejudiced by the negligence of public officers to whose care they are consigned." Our Courts have decided the greater good is served by protecting the public interest when the state acts in its sovereign capacity.[3]

---

**2.** Although neither defense was raised here, the Court of Civil Appeals found laches and estoppel also inapplicable to bar the Student Loan Authority's action to recover the loan obligation.

**3.** By our decision here we do not intend to endorse or condone the inexplicable delay by Commission in seeking enforcement of its recoupment determination. The law is clear, however inequitable it may seem to be.

¶ 11 The trial court erred when it dismissed Commission's Petition. Its order is accordingly REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

JONES, J., and MITCHELL, P.J., concur.